EXCELSIOR MANUFACTURING COMPANY *v.* ROBERT KEYSER.

LIEN. *Purchase-money of personal property. Seizure proceeding. Act March 11, 1884, construed. Existing causes of action.*

The act approved March 11, 1884, amendatory of § 1255, of the Code of 1880, and which gives a plaintiff suing at law for the purchase-money of property sold by him to the defendant a lien upon such property while in the latter's hands, and provides for the issuance of a writ of seizure upon the filing of the declaration, and for "a special execution for the sale of such property," in addition to a personal judgment against the defendant, is in its character remedial, and hence may be applied in cases where the causes of action existed at the time of its passage. .

APPEAL from the Chancery Court of Lauderdale County.

HON. SYLVANUS EVANS, Chancellor.

On the 9th of April, 1884, the Excelsior Manufacturing Company brought an action in the circuit court to recover of Robert Keyser the price and value of goods sold him by the plaintiff

during the year 1883 ; and on the next day the plaintiff's agent made and filed an affidavit stating that the defendant had in his possession certain described goods which were a part of the goods sold by the plaintiff to the defendant, and for the price and value of which the plaintiff was suing; and he thereupon asked that a writ of seizure be issued to the sheriff directing him to take into his possession the goods described in the affidavit. The writ was issued and the goods seized accordingly.

The seizure proceeding was based upon § 1255 of the Code of 1880, as amended by an act approved March 11, 1884, entitled " An act to amend § 1255, Revised Code of 1880, so as to enable the vendor to subject personal property sold to seizure for the purchase-money."

Section 1255 of the Code is in these words :

" No property shall be exempt from execution when the purchase-money thereof forms, in whole or in part, the debt on which the judgment is founded ; nor shall any property be exempt from sale for non-payment of taxes, or assessments, or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed, or upon a forfeited recognizance or bail-bond, or when the process is for rent."

The amendatory act referred to provides as follows :

" That § 1255, Code of 1880, be amended by adding the following at the conclusion of said section, to wit : And if the plaintiff shall desire to establish a lien on such personal property whilst in the hands of the first vendee, he shall, on filing his declaration or evidence of debt, make affidavit stating that such property was sold by him for the debt, in whole or in part, sued on, or for labor done thereon, or for material furnished, as the case may be, describing in his affidavit the property, and the clerk or justice of the peace shall issue his writ of seizure and summons, and it shall be the duty of the sheriff or constable to take possession of the property and safely keep the same and dispose of the same in all respects as now required by law in cases of replevin ; and if the defendant shall replevy the same, the writ shall be returnable to the court issuing the process in the first instance. If, upon the trial, the

plaintiff shall establish his debt and show that the same was for the purchase-money of that identical property, he shall, in addition to the judgment for the debt, have also a special execution for the sale of such property."

On the 11th of April, 1884, Keyser filed the bill in this cause and obtained an injunction restraining the plaintiff, its agents and attorneys, and the sheriff from further prosecuting the seizure proceedings in the circuit court. The Excelsior Manufacturing Company answered the bill and then made a motion to dissolve the injunction. The Chancellor overruled the motion on the ground that the amendatory act above set forth could not be applied to the contract upon which the action in the circuit court was based. From the order overruling its motion the defendant appealed.

*Whitaker & Bell,* for the appellant.

Every possible presumption and intendment will be made by the courts in favor of the constitutionality of a legislative act ; and the courts will interfere only in cases of clear and unquestioned violation of the constitution. *Newsom et al.* v. *Cocke et al.,* 44 Miss. 352 ; 50 Miss. 520 ; 54 Miss. 593.

The State may alter laws governing the *remedy* on contract so long as an effective remedy is preserved. 6 Otto (U. S.) 69.

The legislature has the right to modify and control remedies. 4 Wheat. (U. S.) 200 and 122 ; 3.Peters (U. S.) 290 ; 12 Wheat. (U. S.) 370 ; 4 S. & M. 713 ; 1 How. (U. S.) 315.

It was unquestionably the intention of the lawmakers that the act under consideration should apply as well to causes of action existing prior to its passage as to those arising from contracts subsequently made, and *remedial statutes* should be construed liberally to *advance* the *remedy ;* and hence, when a statute is passed giving a *new* and *summary remedy* for certain causes of action, it will apply to causes of action of that class *existing prior* to its passage *without any express words* to that effect. 30 Miss., opinion, 364 ; 56 Miss. 297, 704, and 710 ; 47 Miss. 570, and 1 S. & M. 70, opinion 100 ; 1 Kent Com. (4th ed.), 461 ; 43 Miss. 687.

*J. W. Fewell,* for the appellee.

It is not necessary to consider the question as to the constitu-
tional power of the legislature to make the act of 1884 apply to
contracts entered into before the passage of the act ; for the act
referred to is not by its terms retroactive, and it is one of the
cardinal rules of construction that statutes must be construed as
prospective in any instance except where the legislative intent that
they shall act retrospectively is expressed in clear and unambigu-
ous terms, or such intent is necessarily implied from the language
of the statute.    See Wade on Retroactive Laws, § 34, and the
numerous cases there cited.

It is obvious this statute has no retroactive effect.

The counsel for appellant argue that this statute is *remedial.*
It is not remedial.    It grants a right, a lien on personal property,
something that did not exist before.

Campbell, C. J., delivered the opinion of the court.

The " Act to Amend § 1255 of the Code of 1880," approved
March 11, 1884, was remedial in its character, and embraced causes
of action existing when it was passed so as to entitle a creditor to
avail of its provisions.    *Green* v. *Anderson*, 39 Miss. 359.

*The decree is reversed, the injunction dissolved, and the cause re-
manded for further proceedings in the court below.*