# Birmingham Trust & Savings Co. v. East Lake Land Co.

*Bill in Equity to enforce Lien upon Stock, and to compel its Transfer on the Books of the Corporation.*

1. *Lien of corporation on stock.*—Section 1674 of the Code of 1886, which provides that "all private corporations have a lien on the shares of its stockholders, for any debt or liability incurred to it by a stockholder, before notice of the transfer, or of a levy of such shares," confers the lien therein provided to secure debts which had been contracted before its enactment, as well as those contracted afterwards.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. H. A. SHARPE.

The facts of the case are sufficiently stated in the opinion.

E. J. SMYER, for appellant.—(1.) The general rule of law is that, in regard to civil remedies, laws may be enacted which have a retroactive operation, but they are not to be construed to have that effect, unless it was manifestly the purpose of the legislature that they should. *Smith v. Kolb*, 58 Ala. 645; *Barnes v. Mayor and Aldermen of Mobile*, 19 Ala. 707; *Kidd v. Montague*, 19 Ala. 624; *Ex parte Buckley*, 53 Ala. 54; Cooley's Constitutional Lim., 460. (2.) The lien conferred by section 1674 of the Code is a contract lien—is a contract right—and the statute can not attach to the contract of the parties pre-

viously made. It can not confer this right where there was no such right when a contract was made; for it can not alter the terms of existing contracts.—*Howard v. Bugbee*, 24 How. (U. S.) 461; 16 L. Co-op. Pub. Co. Ed., 753, reversing *Bugbee v. Howard*, 32 Ala. 713; *Bronson v. Kinzie*, 1 How. 311; *Wilson v. Brown*, 58 Ala. 62; *McDonald v. Berry*, 9 0 Ala. 464, 7 So. Rep. 838; *Hastings v. Lane*, 15 Me. 134; *Coffin v. Rich*, 45 Me. 507; *Robinson v. Magee*, 2 Cal. 81; *Robinson v. Howe*, 13 Wis. 341.

HEWITT, WALKER & PORTER, *contra.*—The question presented is not whether section 1674 of the Code has a retroactive operation, but whether it operates on existing causes of action, before or after its approval. The right provided by this section does not impair the obligation of contracts; but it is a remedy for the enforcement of a right, and, therefore, operates on existing causes of action, there being nothing in the language of the section itself to prevent such an operation.—*Coosa River Steamboat Co. v. Barclay*, 30 Ala. 120; Endlich on Interpretation of Statutes, §§ 286, 287.

HARALSON, J.—One of the original stockholders of appellee, transferred his stock to appellant, as collateral security for a debt owing to it, after the Code of 1886, —where § 1674 first appears—went into operation. The stockholder, at that time, owed the corporation whose stock he held, an indebtedness which was contracted, prior to the adoption of the Code, and the enactment of said section 1674. The appellant gave notice to appellee of this transaction and demanded a transfer of said stock, on its books, to appellant, which appellee refused to make, claiming that it had a prior and superior lien on the stock, to that claimed by appellant, which lien of appellee was conferred by said section 1674 of the Code.

The bill is filed to have appellant's lien on said stock declared superior to appellee's lien on it, and to compel the transfer to appellant, on the books of appellee, of said shares of stock. A demurrer to the bill having been sustained and the bill dismissed, this appeal is to reverse that decree.

The question for our determination is, whether the lien created by section 1674 of the Code in favor of a corporation, against its stockholders, "for any debt or lia-

bility incurred to it, by a stockholder, before notice of transfer, or of a levy on such shares," must be confined to debts of the stockholder to the corporation created after the enactment of that section, or if it does not apply as well, to debts contracted before its enactment.

I. We said in the *Mobile Mutual Ins. Co. v. Cullom*, 49 Ala. 561, that "the common law regards the shares composing the capital stock of an incorporate company, as personal property, capable of alienation or succession, in any of the modes by which that species of property may be transferred. Thus regarding such shares, a lien or equity, in favor of the corporation, to charge them with a debt due from the shareholder, could not be implied."

It is not to be doubted, that a lien of the kind may be created by law. As Mr. Cook expresses it: "Such a lien as this, in favor of the corporation, may be created by statute, by charter, and the weight of authority holds, that it may be created by by-law.—Cook's Stock & Stockholders & Corp. Laws, § 522; 1 Jones on Liens, § 377; *Cunningham v. The A. L. Ins. & Trust Co.*, 4 Ala. 652.

II. The statute, section 1674 of the Code, under which the lien of the appellee is claimed, reads, "All private corporations have a lien on the shares of its stockholders, for any debt or liability incurred to it by a stockholder, before notice of a transfer, or of a levy on such stock." This is, in substance, the language by which liens on stock are generally conferred by statute, whether in the original acts of incorporation, or by separate special act, afterwards, or by by-laws of the corporation, authorized by statute.

It is a general rule, says Cook. "That a lien upon stock is a lien for all debts of the shareholder due to the corporation, and it is not necessary that the debt be due and payable at the time when the lien is sought to be enforced. It covers debts which are not due, as well as those that are due, and all indebtedness to the corporation, whether payable presently or at a future time." Cook on Stock, Stockholders & Corp. Laws, § 527, and authorities there cited. "The word, 'Indebted,' in statutory provisions for liens in favor of corporations, applies as well to debts to become due, as to those actually due and payable."—1 Jones on Liens, § 393.

In construing the words, "Any debt or liability," in a statute giving a lien on stock, we held, in the *Mobile*

*Mutual Ins. Co. v. Cullom*, 49 Ala. 562, that "the object in creating the lien is the security of the corporation. That security is extended to 'any debt or liability' of the stockholder, not distinguishing between the character or consideration of the debts. We can perceive no good reason for such a distinction; but, on the contrary, we perceive a good reason for embracing any debt properly contracted with the corporation."—1 Jones on Liens, §§ 394, 395; *The St. Louis P Ins. Co. v Goodfellow*, 9 Mo. 149.

III.   Mr Cooley, in his work on Constitutional Limitations, referring to retrospective statutes, says:   "It is a sound rule of construction, that a statute should have a prospective operation, unless its terms show clearly a legislative intention that it should operate retrospectively."—Cooley Const. Lim., § 370. This rule has received the sanction of our own adjudications.—*Ex parte Buckley*, 53 Ala. 54; *Smith v Kolb*, 58 Ala. 646; *Warten v. Matthews*, 80 Ala. 429.

But this strictness of construction is not to be applied to all retroactive statutes.   In commenting on this language, taken from Cooley, this court used this language: "The statutes excluded from judicial favor, and subjected to this strictness of judicial construction,—statutes which may properly be denominated retrospective,—are such as impair vested rights, acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations, already past.   Such statutes are offensive to the principles of sound and just legislation, and it is of these, the authorities to which we have been referred use the term 'odious,' and other epithets, expressive of judicial opprobrium.   There are other statutes which when operating retrospectively, have not incurred judicial condemnation, and to which a liberal construction, for the consummation of the just and beneficial purposes in view, has been fully accorded.   Such statutes are intended to remedy a mischief, promote public justice, correct innocent mistakes into which parties may have fallen, cure irregularities, or give effect to the acts and contracts of individuals fairly done and made.   These are remedial statutes, conducive alike to individuals and public good."—*Ex parte Buckley*, 53 Ala. 54–5.   The question is, at last, "Do they establish substantial justice

and subvert injustice?"—Enlich on Int. of St., §§ 273, 277, 278.

In *Hoffman v Hoffman*, 26 Ala. 545, it was said: "Whenever a statute is levelled against an abuse, or in furtherance of an acknowledged principle of right and justice, every reason exists for its most reasonable application ; and, in such cases, it may fairly be presumed, that it was the intention of the legislature, that the boon of the statute should be extended to every case which its words could properly include."

It is a sound policy of law, to give a liberal and generous construction to this statute, to the end that a corporation may enjoy that just and equitable right of set-off accorded to natural persons, of not being required to pay its creditor, the stockholder, before he accounts for his debts to the corporation.

The supreme court of Mississippi, in construing an amendment to section 1255 of their Code, which gave a lien which did not exist before, held that said act, which gives a plaintiff, suing at law for the purchase money of personal property sold by him to the defendant, a lien on such property while in the latter's hands, and provides for a writ of seizure upon the filing of the declaration, in addition to a personal judgment against the defendant, is in its character remedial, and hence may be applied in cases where the causes of action existed, at the time of its passage.—*Excelsior Man. Co v. Keyser*, 62 Miss. 155. In still another case in that court, in which the question was presented, whether an attachment law which went into effect, after the alleged fraudulent act complained of was committed, had a retroactive effect, it was held, "That the language (of the statute) is general and unrestricted, and it must be presumed the legislature intended to extend it to all cases, whether then existing or to arise thereafter, embraced within the terms presented.—*Green v Anderson*, 39 Miss. 363.

IV. The foregoing authorities justify us in holding, that this statute, section 1674 of Code, was designed by the legislature, to confer the lien therein provided, to secure debts which had been contracted before its enactment, as well as those contracted afterwards.

Jones, in his work on Liens, lays down the doctrine, that such a lien may be conferred by statute, as was done here, upon a corporation already organized, as

here, in respect of shares already issued for debts already incurred, as is the case here; that in such case, "the lien is created by the statute, immediately upon its going into effect, so that an indebtedness as to the corporation from a shareholder existing at the time, will be secured in preference to a pledgee to whom the shareholder has delivered the certificate with a power of attorney for its transfer, provided the corporation has received no notice of such pledge of the certificate."—1 Jones on Liens, § 382.

And Cook on Stocks and Stockholders, section and page 531, holds, that when a lien is given to the corporation by the charter or the articles of association, or by statute, there is constructive notice to all persons dealing with the corporation, that they must, at their peril, without reference to what the certificate recites, inform themselves as to any debts to the corporation that may affect the shares they propose to buy. If there is a lien, they are held to have known it, whether the certificate declares it or not. To the same effect is section 379 in 1 Jones on Liens.—*The First National Bank of Hartford v The Hartford L. & A Ins Co* , 45 Conn. 35.

Our conclusion is, the court below committed no error in sustaining the demurrer to the bill, and its decree is affirmed.