# McAlester Manufacturing Company
## v.
# Florence Cotton & Iron Company.

*Action to recover Subscription for Stock in a Corporation.*

1. *Powers of corporations; subscription to stock of another.*—The power conferred by Statute (Code, § 1256, sub.-div. 8), upon corporations organized to buy, sell or improve lands, "to invest their money or other property or assets in enterprises which they deem calculated to advance their interests," does not authorize such corporations to subscribe for stock in a prospective corporation, neither does the power "to loan money to individuals or corporations, buying, leasing or making improvements on or near their lands," nor "to receive certificates of stock, notes, bonds, mortgages or other security for such investments or loans" authorize such subscriptions.

2. *Same; same; ultra vires contract.*—A contract by a corporation vested with such powers for subscription for stock in a prospective corporation is *ultra vires* and void.

3. *Error without injury in giving and refusing charges and rulings on evidence.*—Where the undisputed facts authorized the general affirmative charge for the defendant, this court will not consider, at the instance of the plaintiff, the giving and refusal of charges or rulings on evidence, since, if erroneous they were without injury.

APPEAL from Lauderdale Circuit Court.

Tried before the Hon. E. B. ALMON.

This was an action brought by appellant to recover a sum claimed to be due from appellee by reason of a subscription for stock in appellant corporation by appellee. The facts necessary to an undestanding of the opinion are fully set forth therein. There were verdict and judgment for defendant in the court below, and plaintiff appeals.

[McAlester Manufacturing Co. v. Florence Cotton & Iron Co.]

O'NEAL & O'NEAL and THOS. R. ROULHAC, for appellant.

SIMPSON & JONES, contra.

SHARPE, J.—If it be conceded that the act of February 28th, 1889, now subdivision 8 of section 1256 of the Code, is applicable to the defendant corporation, still it is not apparent that the statute empowered the defendant to bind itself by the writing sued on.

By the statute referred to, the first power mentioned as given to land companies and corporations organized for the purpose of buying, selling or improving lands is "to invest their money or other property or assets in enterprises which they deem calculated to advance their interests." The second is "to loan money to individuals or corporations buying, leasing, or making improvements on or near their lands." The third and last is related to the first two, being "to receive certificates of stock, notes, bonds, mortgages or other security for such investments or loans.'

It is plain that neither the power to lend money nor of receiving stocks, etc., as security for investments and loans, embraces the power of subscribing originally for stock in a prospective corporation and that such authority if it exists under the act must be referred to the first clause above quoted.

Ordinarily a corporation is allowed to be formed only by natural persons and for purposes peculiar to itself. 1 Morawetz Priv. Corp., § 433. Independent of statute one corporation cannot become an original subscriber for the capital stock of another.—*Lanier Lumber Co. v. Rees,* 103 Ala. 622; *Com. Fire Ins. Co. v. Board of Rev.,* 99 Ala. 1; *Railway Co. v. Iron Co.,* 46 Ohio St. 44. The relation between the two corporations, if such subscription were permitted would be an anomalous one, and for that reason among others it was held in the case last cited that a statute allowing incorporated insurance companies to "invest their money in real or personal property, stocks, or choses in action" did not authorize such subscriptions. The statute here under consideration does not expressly confer on land

[Decatur Car Wheel & Manufacturing Co. v. Mehaffey, Admrx.]

companies the power to subscribe for stock in the formation of other corporations and the field being broad for beneficial investments by other modes, such power is not necessarily or reasonably implied by the statute.

For lack of legislative sanction if for no other reason the agreement declared on is void. Authorities *supra*. Therefore, the court's action in giving and refusing charges was proper and its rulings on objections to evidence are immaterial.—*Draper v. Nixon,* 93 Ala. 436.

The judgment will be affirmed.