(92 South. 643)

## ROWE et al. v. BANK OF NEW BROCKTON.
### (4 Div. 952.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Banks and banking** ⬅42—**Bank's lien on stock for stockholder's indebtedness to bank may be enforced by action in equity, notwithstanding procedure prescribed by statute.**

Under Code 1907, § 4829, an action in equity may be brought by a bank to foreclose its lien under section 3476, on shares of its stockholders for indebtedness of such stockholders to the bank, notwithstanding the procedure prescribed by the statute for the enforcement of such liens; such procedure being cumulative merely.

2. **Banks and banking** ⬅42—**Bill to enforce lien on stock for indebtedness need not allege necessity to sell stock or notice or personal demand for payment or satisfaction.**

Bill by bank, to foreclose its lien, under Code 1907, § 3476, on shares of its stockholders for indebtedness of stockholders to bank, need not allege that it is necessary to sell the stock, or that the bank had given notice or made personal demand for payment or satisfaction; such allegations being necessary only in the event of the proceeding to enforce the lien in the manner prescribed by such statute.

3. **Principal and surety** ⬅138—**Surety may be sued immediately on principal's default before institution of proceedings against principal.**

In the absence of a contract to the contrary, the obligation of the surety who guarantees payment is the same as that of the principal, and the surety may be sued immediately upon the default of the principal before any proceedings are had against the principal.

4. **Principal and surety** ⬅139 — **Commencement of suit against surety a sufficient demand.**

The commencement of a suit against the surety on the default of the principal is a sufficient demand on the surety.

5. **Principal and surety** ⬅169—**In foreclosing bank's lien on stock for indebtedness, the stock of principal stockholder should be sold before that of other stockholder, who was surety for first stockholder's indebtedness.**

Where one stockholder of a bank becomes surety for the obligation to the bank of another stockholder, and a suit in equity is brought by the bank to foreclose its lien under Code, § 3476, on the shares of such stockholders on the default of the principal stockholder in the payment of his indebtedness to the bank, the property of the principal should be first taken and sold, and only the balance due, if any, should be realized out of the shares belonging to the surety.

6. **Equity** ⬅150(1), 273—**Bill to enforce lien on stock for indebtedness not rendered multifarious by amendment alleging execution of mortgage to defraud creditors; amendment held not to introduce new cause of action.**

Bill by bank against stockholders to foreclose its lien under Code 1907, § 3476, on shares

of stockholders for indebtedness to bank was not rendered multifarious by amendment alleging that defendant stockholder 'had mortgaged his property with intent to defraud creditors, and making mortgagee and foreclosure sale purchaser defendants, nor did such amendment introduce a new cause of action.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by the Bank of New Brockton against S. M. Rowe and others to subject stock in the bank to a lien for an indebtedness. The bill was later amended, by bringing in certain mortgagees, and from an order overruling demurrers to the original bill the respondents appeal. Affirmed.

J. A. Carnley, of Elba, for appellants Rowe.

Sollie & Sollie, of Ozark, for appellant Peebles.

The bill should allege a necessity for the sale of the shares to pay the debt, and that personal demand had been made for payment and satisfaction of the debt. Section 3476, Code 1907; 168 Ala. 469, 53 South. 228; 131 Ala. 185, 32 South. 598; 73 Ala. 302; 196 Ala. 513, 71 South. 700; 186 Ala. 310, 65 South. 209. The bill as amended is a departure from the original purpose of the original bill, and it is multifarious. 116 Ala. 502, 22 South. 863; 54 Ala. 356; 54 Ala. 35; 86 Ala. 293, 5 South. 732; 75 Ala. 207; 90 Ala. 246, 7 South. 805; 76 Ala. 149; 200 Ala. 70, 75 South. 398; 192 Ala. 269, 68 South. 897; 147 Ala. 239, 41 South. 474.

W. W. Sanders, of Elba, for appellee.

The bill was not multifarious. 80 Ala. 225; 123 Ala. 547, 26 South. 226, 82 Am. St. Rep. 140; 84 Ala. 600, 4 South. 725; 52 Ala. 589; 73 Ala. 282; 202 Ala. 155, 79 South. 680. Anything may be brought in by amendment which could have been introduced into the bill as originally filed. 132 Ala. 107, 31 South. 524. Equity can enforce the lien, since the statutory remedy is not exclusive. Section 4829, Code 1907; 168 Ala. 469, 53 South. 228. The amendments do not work a departure. 200 Ala. 595, 76 South. 953; 192 Ala. 269, 68 South. 897; 152 Ala. 262, 44 South. 592; 114 Ala. 601, 21 South. 1020, 62 Am. St. Rep. 141.

SAYRE, J. The Bank of New Brockton, a domestic corporation, filed the bill in this cause to foreclose its lien, under section 3476 of the Code, on shares of its stockholders S. M. and C. J. Rowe. The averment is that C. J. Rowe, the owner of 2 shares, is indebted to the bank in a large sum, and S. M. Rowe, the owner of 10 shares, is surety for the obligation of C. J. Rowe. Bankruptcy proceedings were pending against the principal debtor, and the trustee of his estate is made party defendant. By amendment E. B. Peebles

207 ALA.—25

and Mercer Rowe are brought in as parties defendant upon an averment, in substance, that defendant S. M. Rowe, with the intent to injure, delay, or defraud his creditors, had executed to Peebles a mortgage purporting to secure a large indebtedness, averred to be simulated, and that foreclosure proceedings, concocted with the same intent,' had been had, at which Mercer Rowe became the ostensible purchaser. The court overruled joint and separate demurrers, and the decree to that effect is assigned for error.

[1] We shall first consider the contention that equity is without jurisdiction in the premises for that the statute creating the lien provides a remedy which is exclusive in the absence of other considerations importing equity. Section 4829 of the Code answers this contention. Its provision in substance is that statutory modes, provided in the Code for the enforcement of liens are cumulative merely, and any lien may be enforced as provided by statute, in equity, by attachment, or as otherwise provided. The purpose of this act was to meet the rule of old cases such as are cited in the brief for appellant. The analogy of the cases cited in the opinion of the trial court, stating the result of the statute, sustain the equity of the present bill. Bynum Mercantile Co. v. Bank, 187 Ala. 281, 65 South. 815; Henderson v. Steiner-Lobman Co., 202 Ala. 325, 80 South. 407; Mathis v. Holman, 204 Ala. 373, 85 South. 710. There seems to have been some difficulty about the opinion in Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 South. 228. The bill in that case was filed long before the enactment of section 4829, which is new to the Code of 1907. The opinion shows that the decrees under review were dated more than a year prior to the date on which the Code went into effect. The decision followed the law of the date of the bill.

[2] One ground of demurrer is that the bill contains no averment that it is necessary to sell the stock of S. M. Rowe the surety nor any ·that complainant had given notice or made personal demand for payment or satisfaction. These objections, adopted from the language of section 3476, lie only in case of a pursuit of the statutory remedy of a sale marked by the absence of such preliminaries, as the frame of the statute sufficiently indicates.

[3-5] In the absence of a contract to the contrary, the obligation of the surety, who guarantees payment, is the same as that of the principal; the surety may be sued immediately upon default of the principal and before any proceedings are had against the principal, and the bringing of the suit is demand enough. Abercrombie v. Knox, 3 Ala. 728, 37 Am. Dec. 721; Evans v. Evans, 16 Ala. 465; Darby v. Bank, 97 Ala. 643, 11 South. 881; 1 Brandt on Suretyship (3d Ed.)

§ 110. The obligation of the defendants C. J. and S. M. Rowe in this case is evidenced by their joint promissory notes. However, the bill in this cause very properly recognizes the fact that the property of the principal should be first taken, and to that end seeks to have the stock of the principal debtor sold first, the balance due, if any, to be realized out of the shares belonging to the surety. Such, upon proof of the bill, would have been the decree in any event.

[6] The bill was not rendered multifarious by the amendment; nor did the amendment introduce a new cause of action. Mere complexity is not multifariousness. It is the complexity arising out of the joinder of unrelated subjects that equity refuses to countenance. It is a sufficient bond between different parts of the bill that each defendant has an interest in some of the matters involved, and they are connected with the others. The purpose of this bill is single; it is to collect complainant's debt out of equitable assets, and every ramification of the amended bill leads back to this single purpose. Allen v. Montgomery R. R. Co., 11 Ala. 437; Truss v. Miller, 116 Ala. 494, 22 South. 863; Burke v. Morris, 121 Ala. 126, 25 South. 759; 10 R. C. L. p. 429.

There was no error in the court's decree. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.