(104 So. 760)

## FIRST NAT. BANK OF CHATTANOOGA, TENN., v. HUNTSVILLE BANK & TRUST CO. (8 Div. 686.)

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied May 28, 1925.)

**I. Banks and banking ⊕⇒40 — Purchaser of bank stock must ascertain whether bank has lien thereon.**

Purchaser of bank stock must ascertain if it is subject to bank's lien under Code 1923, § 7000, in order to acquire a good title thereto.

**2. Banks and banking ⊕⇒42—Corporation's lien on stock may be waived either expressly or impliedly.**

A lien of a bank on its shares of stock under Code 1923, § 7000, can be waived either expressly or by such act and conduct from which the law would imply a waiver.

**3. Banks and banking ⊕⇒116(1) — Knowledge of bank cashier of bank's lien on stock at time of pledge thereof held imputable to bank, which thereby waived its lien.**

Where cashier of bank pledged his stock in bank as collateral for loan made to cashier with knowledge that bank had lien on such stock under Code 1923, § 7000, *held*, cashier's knowledge was imputable to bank, and bank thereby waived its lien on such stock.

**4. Corporations ⊕⇒123(4)—Transfer of stock as security for debt not invalidated by failure to register on books of corporation.**

Code 1923, § 6995, relating to registering transfer of stock on books of corporation, is intended to protect innocent purchasers and creditors, and does not invalidate transfer of stock as security, except as against them.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Bill in equity by the Huntsville Bank & Trust Company against William R. Hutton and the First National Bank of Chattanooga, Tenn., to establish and enforce a lien on corporate stock. From a decree for complainant, respondent First National Bank appeals. Reversed and rendered.

David A. Grayson, of Huntsville, and Williams & Frierson, of Chattanooga, Tenn., for appellant.

When the only officer or agent through whom a corporation acts in a given transaction is adversely interested, the knowledge acquired by such officer is nevertheless imputed to the corporation. Birmingham Trust Co. v. Louisiana, etc., 99 Ala. 379, 13 So. 112, 20 L. R. A. 600; Tatum v. Comm. Bank, 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; First Nat. Bank v. Laughlin, 209 Ala. 349, 96 So. 206; Bank of Florala v. Amer. Nat. Bank, 199 Ala. 664, 75 So. 310. Complainant's statutory lien may be waived, and was waived in this case, and complainant is estopped to

assert it. 14 C. J. 795; Hammond v. Hastings, 134 U. S. 401, 10 S. Ct. 727, 33 L. Ed. 960; Cecil National Bank v. Watsontown Bank, 105 U. S. 217, 26 L. Ed. 1039; 21 C. J. 1204; Porter v. Wheeler, 105 Ala. 451, 17 So. 221; Sanford v. Hamner, 115 Ala. 406, 22 So. 117; Myers v. Byars, 99 Ala. 484, 12 So. 430; Oden v. Dupuy, 99 Ala. 36, 11 So. 419, 12 So. 605; Swift v. Stovall, 105 Ala. 571, 17 So. 186; Planters' & Merchants' Mutual Ins. Co. v. Selma Bank, 63 Ala. 585; Goetter v. Norman Bros., 107 Ala. 585, 19 So. 56; Tobias v. Morris, 126 Ala. 535, 28 So. 517.

R. E. Smith and Cooper & Cooper, all of Huntsville, for appellee.

Complainant had a lien on the stock of Hutton for his indebtedness to it. Code 1923, § 7000; Mobile v. Cullom, 49 Ala. 558; Birmingham Trust Co. v. East Lake Co., 101 Ala. 304, 13 So. 72. It was necessary that the transfer of the stock to the Chattanooga Bank be entered upon the books of the Huntsville Bank, without which the Huntsville Bank had a superior lien. Code 1923, §§ 6994, 6997; Birmingham Trust v. East Lake Co., supra; Helliwell on Stockholders, §§ 39, 166; 1 Jones on Liens, § 379; 2 Cook, Corp. (2d Ed.) §§ 527, 623; 3 Thompson on Corp. § 3246. Respondent bank was chargeable with notice of the limitation of power in the cashier, personally interested in the transaction, and it was the duty of respondent to notify the complainant of the attempted pledge. 1 Michie, Banking, 723; Moores v. Citizens' Bank, 111 U. S. 156, 4 S. Ct. 345, 28 L. Ed. 385; Mobile T. & W. Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797.

ANDERSON, C. J. The bill was filed by the appellee, the Huntsville Bank, to enforce a lien on certain stock held by Hutton in said corporation for a debt due it by said Hutton, against the appellant, the Chattanooga Bank, which held the stock under a pledge or transfer as security for a loan made to Hutton; the said Hutton being at the time indebted to the Huntsville Bank.

[1, 2] There is no question as to the Huntsville Bank having a lien under section 7000 of the Code of 1923 on the shares of stock held by Hutton for any debt due from him to said bank, whether the debt was for the purchase of the stock or otherwise. Birmingham Trust Co. v. East Lake Land Co., 101 Ala. 304, 13 So. 72; Mutual Ins. Co. v. Cullom, 49 Ala. 562. It is therefore incumbent upon one who purchases said stock to ascertain if the same is subject to the lien in order to acquire a good title thereto. Mobile Towing Co. v. First National Bank, 201 Ala. 419, 78 So. 797. This lien, however, can be waived by the corporation either expressly or by such act and

conduct from which the law would imply a waiver.

[3] The appellant contends that the Huntsville Bank waived its lien because of the fact that during the negotiation with Hutton, and before the loan was consummated, it forwarded to the appellant said stock duly transferred to it, and failed to inform it that Hutton was indebted to said Huntsville Bank, or that it had a lien on said stock. This would, of course, amount to a waiver in the nature of an estoppel if the action or conduct in this respect was by an agent whose action was binding upon the corporation. The appellee contends, however, that it was not bound by this, for the reason that, while Hutton was its cashier, the transaction was one in which he was personally interested, and it had no independent notice that the stock was being so disposed of to the appellant. Therefore the pivotal question is: Was the knowledge or notice of Hutton imputable to the Huntsville Bank, he being interested in the transaction? The agreed statement of facts shows that Hutton was the only officer or agent of the appellee bank who knew of the transaction and which was in the scope of his authority; he was the cashier of the appellee, and in a sense its alter ego, and being personally interested in the matter, it is not to be presumed that he communicated the facts to other officers of the corporation, and notice to him must be imputed to his principal. Jerome H. Sheip, Inc., v. Baer, 210 Ala. 231, 97 So. 698; Tatum v. Commercial Bank, 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; First National Bank of Athens v. Laughlin, 209 Ala. 349, 96 So. 206; Hall & Brown Co. v. Haley Furniture Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924.

The case of Mobile Towing Co. v. First National Bank, 201 Ala. 419, 78 So. 797, is not in conflict with the present holding. There the stock was not sent to the bank by the corporation as was done here, but the bank acquired the stock and subsequently made an inquiry as to whether or not the corporation had any claim to same, and we held that this did not suffice.

[4] We cannot agree to the contention of appellee's counsel that it was essential to the validity of the transfer of the certificates of stock to the Chattanooga Bank that the transfer must have been registered upon the books of the corporation as required by section 6995. This provision is intended to protect innocent purchasers and creditors, a class to which this appellee does not belong, and does not invalidate other methods of transfer except as against them. Planters' & Merchants' Ins. Co. v. Selma Bank, 63 Ala. 585.

The trial court erred in holding that the appellee's lien was superior to the claim of the appellant, and the decree of the circuit court is reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.