(113 So. 61)

**CRAWFORD et al. v. TWIN CITY OIL CO.**
**(8 Div. 903.)**

Supreme Court of Alabama.    May 19, 1927.

**1. Corporations ⊜⇒66, 108—Stock issued in excess of amount prescribed by corporation's charter is void, even in hands of innocent purchaser.**

Issue of stock by corporation in excess of amount prescribed or limited by charter is ultra vires, and stock so issued is void, even in hands of bona fide purchaser for value.

**2. Corporations ⊜⇒110—Bill alleging certain shares "had already been subscribed and sold and was outstanding" at time of overissue held not demurrable for failure to allege shares outstanding, sold, delivered, and paid for.**

Bill setting up overissue of corporation's stock, and alleging that 567 shares "had already been subscribed and sold, and was outstanding," *held* not demurrable on ground that it failed to allege that at time of overissue 567 shares were outstanding, sold, delivered, and paid for.

**3. Corporations ⊜⇒110—Stock for which corporation received nothing should be canceled without offer of restitution to holder.**

Where stock of corporation was issued without consideration, and corporation received nothing therefor, issue was violative of law, and should be canceled without offer of restitution to holder.

**4. Corporations ⊜⇒161, 167—Corporation has lien for amount due on stock issued in good faith and partially paid for, superior to that of attaching creditor of holder (Code 1923, § 7000).**

Where stock is issued in good faith, and something is paid thereon, corporation has lien on it for whatever might be due, under Code 1923, § 7000, and such lien is superior to that of attaching creditor of holder.

**5. Corporations ⊜⇒167—Attaching creditor of holder of corporate stock must ascertain whether corporation has lien.**

It is incumbent on attaching creditor of holder of corporate stock to ascertain if corporation has lien on such stock before levying attachment.

**6. Corporations ⊜⇒169—Bill by corporation to enforce lien on stock, describing debt as purchase money, though uncertain as to amount, meets requirement that bill particularly describe debt.**

Bill by corporation to enforce lien on corporate stock should particularly describe debt or liability sought to be secured, but bill is sufficient which describes debt as purchase money for stock, though uncertain as to amount of debt, owing to averment that nothing was paid, but, if anything was paid, lien for balance was sought.

**7. Pleading ⊜⇒204(2)—In corporation's suit to enforce stock lien, demurrer to bill as whole will not be sustained for insufficient description of debt to be secured.**

Demurrer addressed to bill of corporation to enforce lien on stock, as a whole, will not be sustained for insufficiency of description of debt or liability to be secured.

**8. Corporations ⊜⇒169—Corporation may enforce lien on stock in equity without averment that sale is necessary or that personal demand for payment has been made (Code 1923, § 7000).**

Lien of corporation for unpaid balance due for stock given by Code 1923, § 7000, is enforceable in equity, notwithstanding that another method may be given which is merely cumulative, and this may be done without averment that it is necessary to sell stock or that corporation has made personal demand, since these conditions apply to pursuit of statutory remedy.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Bill in equity by the Twin City Oil Company against Mrs. R. L. Crawford and another. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The substance of the bill is as follows:

The complainant was incorporated in Morgan county, Ala. In its declaration of incorporation it provided the total amount of authorized capital stock to be $15,000, divided into shares of the par value of $25 each. R. L. Crawford promoted the corporation, and was the agent designated to receive subscriptions to its corporate stock. While never an officer, he continued for a long time to dominate the officers and affairs of the corporation. Crawford and his wife (one of the respondents), who holds a certificate of stock in complainant corporation, are heavily interested in and in control of the Alabama Oil Company, another corporation operated in Morgan county, and it was the scheme of Crawford to organize complainant corporation and have it purchase a warehouse, plant, trucks, tanks, and other equipment, and lease same to the Alabama Oil Company, which latter would engage in the business of selling oil and gasoline.

Crawford, as agent to receive subscriptions to the capital stock of complainant corpora-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 214 Ala. 550.

tion, was furnished a stock book containing blank shares of stock signed by the president and secretary of the corporation, was instrumental in disposing of all the unsubscribed shares of stock, and sold stock in excess of the authorized capital. Said Crawford, with said blank certificates, issued to his wife, on one occasion, 10 shares of stock, and on another occasion issued to her 60 shares of stock of complainant corporation. At the time of the issuance of said 60 shares 567 shares of complainant's capital had already been subscribed and sold and was outstanding, and the delivery of said 60 shares resulted in an overissue of its capital stock of 27 shares.

The defendant Mrs. Crawford has not paid for any of the shares issued to her by R. L. Crawford, and complainant has received nothing of value for same. R. L. Crawford had no authority to sell and deliver said stock without payment in cash at par value, and at the time of delivery she did not intend to pay for same. As to this, it is averred, in the alternative, that, if anything at all was paid on said stock, it was of little value, and the 27 shares overissued to respondent Mrs. Crawford are a void issue, but the invalidity does not appear on the face of said shares, and she is still indebted to complainant in a large part, if not altogether, for the remaining 43 shares held by her. It is further shown by the bill that respondent Beard has instituted an attachment suit against respondent Mrs. Crawford, and caused a writ of attachment against her goods and effects to be placed in the hands of the sheriff of Morgan county, who has served notice on complainant of the execution of the writ by levying on "30 shares of stock of Mrs. R. L. Crawford in the Twin City Oil Company of Albany, Ala., a corporation," and there is no other or further designation of the property levied on and no other notice given complainant.

It is prayed that the court decree that there has been an overissue of the capital stock of the complainant; that such issue is void as to the excess, and will cancel the 27 shares overissued to Mrs. Crawford; that the court will cancel the remaining 43 shares held by Mrs. Crawford because issued and delivered without payment, contrary to law. In the alternative, it is prayed that the court ascertain the amount due by Mrs. Crawford for the purchase price of said 43 shares, and that the court will decree the complainant has a lien on same to secure payment of the purchase price; and that said lien be declared superior to that of Beard on account of his attachment; and that said stock be sold in satisfaction of complainant's lien. There is also a prayer for general relief.

The demurrer interposed by the respondents included these grounds:

"(4) For that, if the shares of stock or any number of the shares of stock issued to Mrs. R. L. Crawford have not been paid for by her, the statute provides ways and means other than by suit in equity to collect for same, and proper proceedings would be in a court of law to recover for the agreed purchase price of said stock.

"(5) For that it is not alleged that, at the time the said Mrs. R. L. Crawford acquired the 60 shares of stock, there was then outstanding, sold, delivered, and paid for 567 shares of stock."

"(11) The averments of the bill of complaint are indefinite, uncertain, and too general to state with certainty that this defendant might be advised of the alleged indebtedness of Mrs. Crawford to the corporation at the time of organization or at the time of filing of this bill.

"(12) For that, under the averments of said bill of complaint, this defendant is not advised in what amount, nor for what sum, nor for what items, the said Mrs. R. L. Crawford is alleged to be indebted to the said corporation."

"(20) Said bill of complaint is faulty, in that it fails to offer to do equity, in that, if there was a void issue of stock by said corporation to Mrs. Crawford by reason of the fact that at the time the 60 shares were sold to her and payment received therefor, it fails and declines to do equity by offering to pay the said Mrs. R. L. Crawford for the oversubscription and interest thereon to date."

Eyster & Eyster, of Albany, for appellants.

The bill should particularly describe the debt or liability sought to be secured by the lien, that it was necessary to sell the stock for satisfaction of such debt, and also a personal demand for payment. Wynn v. Tallapoosa, 168 Ala. 470, 53 So. 228. The stock certificate is prima facie evidence of payment therefor. 7 R. C. L. 218. As against Beard, the complainant is now estopped from asserting its lien on the stock of Mrs. Crawford. Malone v. M. & F. Bank, 213 Ala. 215, 104 So. 758; First Nat. Bank v. Huntsville B. & T. Co., 213 Ala. 236, 104 So. 760.

A. J. Harris, of Decatur, for appellee.

An issue of stock in excess of the authorized capital stock is void, and cannot be ratified nor raise an estoppel. 14 C. J. 475; Grangers' L. & H. I. Co. v. Kamper, 73 Ala. 343; 7 R. C. L. 190. A sale of an original issue of stock at less than half its par value is void—much more so an issue for which nothing was received. Perry v. Tuskaloosa Mill, 93 Ala. 372, 9 So. 217; Fitzpatrick v. Dispatch Pub. Co., 83 Ala. 606, 2 So. 727. Equity has jurisdiction to cancel the stock issued to Mrs. Crawford. Crow v. Florence I. & C. Co., 143 Ala. 543, 39 So. 401. The lien of the complainant is superior to that of Beard. People's Bank v. Mobile Towing & W. Co., 210 Ala. 678, 99 So. 87. Beard was charged by law with knowledge that the corporation had a lien on Mrs. Crawford's stock for any liability which she may have been due it. Mobile Towing & W. Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797.

ANDERSON, C. J. [1] It is a well-established principle that any issue of stock by a corporation in excess of the amount prescribed or limited by its charter is ultra vires, and the stock so issued is void, even in the hands of a bona fide purchaser for value. 7 R. C. L. p. 218. "The attempt to increase the stock of the company . beyond the limit fixed by its charter was ultra vires. The stock itself was, therefore, void. It conferred on the holders no rights, and subjected them to no liabilities." Granger's Life & Health Ins. Co. v. Kamper, 73 Ala. 343.

[2] It would therefore seem that the 27 shares issued to Mrs. Crawford in excess of the capital stock was void. We also think that the bill sufficiently charges that the other 567 shares had been issued and delivered. It says that said 567 shares "had already been subscribed and sold and was outstanding." The bill was not subject to the demurrer as to this phase of the case.

[3-5] As to the other stock issued to Mrs. Crawford, the bill is in the alternative, and seeks a cancellation of same because issued without consideration, or, if anything was paid, a great portion is unpaid, and as to this the bill seeks the enforcement of a lien on said stock. If this stock was issued without consideration and the complainant received nothing therefor, as charged in the first alternative, the issue was violative of law, and should be canceled without an offer of restitution, as the bill negatives in said first alternative the receipt of anything for the stock. Perry v. Tuskaloosa Oil Co., 93 Ala. 364, 9 So. 217. On the other hand, if the stock was issued in good faith, and something was paid thereon, the complainant would have a lien upon same for whatever might be due it. Section 7000 of the Code of 1923. And this lien is superior to the one acquired by Beard as an attaching creditor. The bill shows the debt was owing the corporation before notice of the levy of Beard's attachment. It was also incumbent upon Beard to ascertain if the corporation had a lien upon the stock. Mobile Towing Co. v. First National Bank, 201 Ala. 419, 78 So. 797. This case is unlike the case of First National Bank of Chattanooga v. Huntsville Bank, 213 Ala. 236, 104 So. 760, as is demonstrated in the case last cited.

[6, 7] The bill to enforce a lien on the stock should particularly describe the debt or liability sought to be secured in the lien. Wynn v. Tallapoosa County Bank, 168 Ala. 486, 53 So. 228. The bill here describes the debt as being the purchase money for the stock. The only thing being uncertain is the amount of the debt, and the bill avers that nothing was paid for same, and it never received anything, but, if anything was paid, the bill seeks a lien for the balance due. We think that this meets the requirements of the rule. Moreover, the demurrers are addressed to the

bill as a whole, and, even if it is deficient in this respect, the demurrer would have to be overruled. Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

[8] The lien given by section 7000 of the Code of 1923 is enforceable in a court of equity, notwithstanding another method may be given, and which is merely cumulative. Rowe v. Bank of New Brockton, 207 Ala. 384, 92 So. 643. And this may be done without averment that it is necessary to sell the stock or that the corporation had made personal demand for payment or satisfaction, as these conditions apply to a pursuit of the statutory remedy and not to a bill in equity to enforce the lien. Rowe Case, supra. What was said in the case of Wynn v. Tallapoosa County Bank, 168 Ala. 486, 53 So. 228, as to averment of necessity and demand as a condition precedent to filing the bill was explained in the Rowe Case, supra.

The trial court did not err in overruling the demurrers to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.