(78 South. 381)
COOPER v. COOPER et al. (7 Div. 905.)
(Supreme Court of Alabama. Feb. 7, 1918. Rehearing Denied April 4, 1918.)

1. INJUNCTION ☞163(2) — CONTINUANCE OF INJUNCTION.

Where respondent answered the bill by denying that complainants had any interest in the

lands, involved in temporary injunction restraining trespass, and alleged that he was the owner, the court properly decreed, the facts being sufficient, that injunction should not be made permanent, but remain in force subject to action of court, until rights of parties to lands involved should be settled within a reasonable time by complainants or by an appeal by either party in a cause then pending between the parties.

2. APPEAL AND ERROR ☞907(5)—OMISSION OF DEPOSITIONS FROM RECORD — PRESUMPTION.

Where it appears in a note of submission that complainants submitted the cause upon the depositions of certain witnesses, which depositions the record does not contain, and the decree recites that submission was upon testimony as noted, it will be presumed on appeal that the evidence noted, but not appearing in the record, justified the action of court in entering the decree rendered.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Julius B. Cooper and others against Joseph Cooper. From decree rendered respondent appeals. Affirmed.

Bill by Julius B. Cooper and others, as executors of the estate of Francis B. Cooper deceased, against Joseph Cooper, seeking an injunction against the continued trespass of respondent (appellant) on lands over which complainants (appellees) aver they have possession and control, as executors of Francis B. Cooper, deceased, who it is alleged owned the land at the time of his death. It is further alleged that respondent has no property in the state of Alabama, and that by reason of his continuous trespass on the land and interference with the tenants of the complainants they have suffered irreparable injury and damages, and that respondent expresses his intention to continue such trespass, which will subject complainants to a multiplicity of suits against said respondent, as well also to suits against the complainants by their tenants in possession, etc. The bill further alleges there was no cause of action pending to test any claim that respondent might have to said lands. Temporary injunction was issued upon the bill, which was sworn to, enjoining the respondent from said continuous trespass until further order of court, upon the execution of bond by complainants in the sum of $300, to be duly approved. Respondent answered the bill, denying that Francis B. Cooper, deceased, or that complainants as his executors, had any interest or title to the land involved, and setting up that he (respondent) in fact had purchased the land and was the owner thereof, and denying that he is a resident of the state of Tennessee, but alleging that he is a resident of Alabama. Respondent also denies that he became a continuous trespasser on March 16, 1917, on said land, but alleges that he took possession of the same because he had purchased the same at public auction at a sale by the heirs. Upon submission of the cause for decree upon pleadings and proof, the court decreed that the injunction theretofore issued in the cause should not be made permanent, but should remain in force subject to the further action of the court, until within a reasonable time in which complainants could establish their legal and equitable rights to the land in question, and until such rights should be settled, in the event of an appeal by either party from the decree in a cause pending in that court between these parties (docket number 1038) in which cause decree had also been rendered. From this decree the respondent prosecutes this appeal.

Joseph Cooper, pro se. Isbell & Scott, of Ft. Payne, for appellees.

GARDNER, J. [1] The foregoing statement of the case sufficiently discloses the character of the suit here involved. Upon submission of the cause for final decree, the trial court rendered a decree, declining to make the injunction theretofore issued permanent, but ordering that the preliminary injunction should remain in force subject to the further action of the court until the rights of the parties, as to the real estate involved, should be settled within a reasonable time thereafter by the complainants or by an appeal by either party in the cause then pending in that court, involving litigation between these parties as to the same property.

Where the facts are sufficient, the course here pursued has met with approval in former decisions of this court. Driver v. New, 175 Ala. 655, 57 South. 437; Hamilton v. Brent Lumber Co., 127 Ala. 78, 28 South. 698; Chappell v. Roberts, 140 Ala. 324, 37 South. 241; Ashurst v. McKenzie, 92 Ala. 484, 9 South. 262; McMillan v. Aiken, 182 Ala. 303, 62 South. 519.

[2] In the note of submission, it appears that the complainants submitted the cause, omitting any reference to the pleadings, upon the depositions of W. L. Britt, George Britt, J. B. Cooper, and W. R. Cooper. The record in this cause does not contain the depositions of any of these witnesses. The decree of the court recites that the submission was had upon testimony as noted.

In McPherson v. Hood, 191 Ala. 146, 67 South. 994, speaking of a situation analogous to that here presented, the court said:

"It has long been the established practice in this jurisdiction that the omission from the record, on appeal from a decree rendered on pleadings and proof, of matters of evidence embraced in the submission of the cause, gives rise and effect to the presumption that the decree was sustained by the proof. * * * This presumption results from the obligation the appellants assume to affirmatively show error in the decree assailed."

Under this well-recognized and long-established rule therefore, and the situation as here presented, this court must presume that the evidence noted, but not appearing in the

record, was sufficient to justify the action of the court in entering the decree rendered in this cause, and must result in an affirmance thereof.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.