(80 South. 407)

HENDERSON v. STEINER–LOBMAN DRY GOODS CO. et al. (4 Div. 793.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Dec. 19, 1918.)

1. MARSHALING ASSETS AND SECURITIES ☜2. —SEPARATE FUNDS.

Where a judgment debtor has funds or properties in three counties, and some of judgment creditors have judgments recorded in one county only, the doctrine of marshaling assets applies.

2. JUDGMENT ☜801—LIEN—ENFORCEMENT.

Code 1907, § 4829, providing that any lien may be enforced in the manner provided by statute or in equity or by attachment, or by any similar mode or remedy existing at common law, is broad enough to cover the case of the lien of a recorded judgment.

3. APPEAL AND ERROR ☜839(1)—QUESTIONS NOT LITIGATED BELOW—REVIEW.

Questions mooted by cross-appeal, not having been litigated in trial court, will not be considered on appeal.

Appeal from Circuit Court, Coffee County; O. S. Lewis, Judge.

Bill by the Steiner-Lobman Dry Goods Company and others against J. E. Henderson and others. From decree rendered, defendant named appeals and complainants prosecute a cross-appeal. Affirmed on both appeals.

W. R. Chapman, of Dothan, for appellant.
Farmer, Merrill & Farmer, of Dothan, for appellees.

SAYRE, J. [1] Appellees, Steiner-Lobman Dry Goods Company and certain other judgment creditors of appellant J. E. Henderson, filed this bill to foreclose the lien of their recorded judgments and to marshal the assets of appellant. By the bill it is made to appear that appellees, in virtue of their recorded judgments, have liens on the property of appellant situated in the counties of Coffee and Geneva; that Fox Henderson and Y. A. Holman, who are also judgment creditors of J. E. Henderson, and are parties defendant to the bill but do not appeal, have liens by virtue of recorded judgments, the first named on the property of appellant in the counties of Coffee, Geneva, and Pike, the last named on property in Coffee and Pike; that other creditors of J. E. Henderson, who are made defendants in the bill, have judgments recorded in Coffee, but their liens are subordinate to those of all other parties to the bill; that the lien of Fox Henderson and Holman in Pike and Coffee are superior to the liens of appellees in those counties; that the lien of Fox Henderson on the property of J. E. Henderson in Geneva county is superior to the lien of appellees, but Holman has no judgment recorded in said last-named county; and that appellant Henderson owns large properties in Coffee, Geneva and Pike.

It is argued in the first place that there can be no marshaling of assets for the alleged reason that there are no two funds to which the parties may have recourse for the satisfaction of their respective judgments. It is true, in general, that before the doctrine of marshaling assets will be applied, there must be two funds or properties. This follows upon a statement of the doctrine which may be found in many of our cases and need not be repeated. Gusdorf v. Ikelheimer, 75 Ala. 148. There can be no doubt that the bill states a case for the application of the doctrine so far as this point is concerned, and this does not seem to be very seriously contested, for the argument drifts away to the proposition that, since the proof shows the property of appellant in Pike county to be sufficient for the satisfaction of the claims of Fox Henderson and Holman, there is no reason why equity should interfere. This is adequately answered by reference to the statement of the doctrine in our cases and to the purpose of the bill in accordance therewith, which is to require Fox Henderson and Holman to satisfy their claims out of the properties on which they have prior liens.

[2] The foregoing sufficiently indicates the equity of the bill, which might also be placed upon the statute, section 4829 of the Code, as follows:

"The statutory modes provided in this Code for the enforcement of liens are not the exclusive modes of enforcing such liens; but are

cumulative merely. Any lien may be enforced in the manner provided by statute, if so provided, or in equity, or by attachment for enforcing liens, or by any similar mode or remedy existing at common law."

This language, we think it must be observed, is broader than the chapter of the Code in which it is found, is amply broad to cover the case of the lien of a recorded judgment, and we see no reason for holding to the contrary.

Other objections to the decrees rendered by the court in favor of the original appellees in this cause are stated in rather a casual way; they are not argued. We find nothing in them.

[3] The question mooted by the cross-appeal was not litigated in the trial court. We presume cross-appellants, complainants in the original bill, will have to pay their attorneys out of their own pockets, or by appropriate proceedings payment may be compelled out of the fund to be realized for them. If those questions are not settled and litigation must follow between the cross-appellants and their attorneys—we do not see how otherwise they can arise—they will be decided here after they have been put in shape for decision.

Affirmed on both appeals.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.