(85 South. 710)

**MATHIS v. HOLMAN.** (4 Div. 887.)

(Supreme Court of Alabama. June 17, 1920.)

Mechanics' liens &#8658;246—Equity affords concurrent remedy for enforcement.

As to mechanics' and materialmen's liens, under Code 1907, §§ 4754, 4829, providing that the statutory modes provided in the Code for the enforcement of liens are not the exclusive modes of enforcing them and that any lien may be enforced in the manner provided by statute if so provided, or in equity, a lien claimant has a concurrent remedy in equity.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill by Eugene Mathis against Y. Allen Holman to enforce a lien for work done and materials furnished in the repair of an automobile. From a decree sustaining demurrer to the bill, complainant appeals. Reversed and rendered.

The case made by the bill is that respondent brought his car to complainant and entered into a contract with him to paint his car, put on a top and side curtains, and afterwards, and before the work was finished, directed complainant to do some other work, not in the original contract; that the original contract called for a payment of $160, and the additional work was reasonably worth $57; that without complainant's knowledge or consent, and without permission of complainant, respondent took said car out of the shop and carried it into Dale county and has failed and refused to pay for the work done or materials furnished.

Chapman & Lewis, of Dothan, for appellant.

The lower court erred in sustaining the demurrers to the bill. Sections 4785 and 4829, Code 1907; 200 Ala. 630, 77 South. 7; 178 Ala. 332, 59 South. 643; 202 Ala. 404, 80 South. 497, 3 A. L. R. 384; 187 Ala. 281, 65 South. 815.

J. E. Acker, of Ozark, for appellee.

There were no special equitable grounds alleged, and the demurrer was properly sustained. 80 Ala. 245; 73 Ala. 390. Section 4829 is not a granting statute.

SOMERVILLE, J. Appellant filed his bill in equity to enforce a mechanic's lien for labor and materials furnished in repairing an automobile. A demurrer for want of equity in the bill was sustained by the trial court, on the theory that equitable jurisdiction for the enforcement of statutory liens, for which the statute gives a specific remedy at law, depends upon the existence of some special ground of equitable cognizance.

Such has, indeed, been the rule in this state. Chandler v. Hanna, 73 Ala. 390. As to mechanics' and materialmen's liens under section 4754 of the Code, full concurrent jurisdiction was given to courts of equity, for claims exceeding $50, by the act of 1895 (section 2733, Code 1896). And section 4829, Code 1907, provides:

"The statutory modes provided in this Code for the enforcement of liens are not the ex-

clusive modes of enforcing such liens; * * * *
*any lien* may be enforced in the manner provided by statute, if so provided, *or in equity,*
or by attachment for enforcing liens, or by
any similar mode or remedy existing at common
law." (Italics supplied.)

It is contended that this statute is merely
declaratory of the pre-existing law and practice, and does not create in courts of equity
a new jurisdiction concurrent with the jurisdiction of courts of law. This view of section 4829 must be rejected as unsound, for its
language is clear, simple, and direct, and its
purpose unmistakable.

Moreover, this court has several times construed it, without question apparently, as
giving to lien claimants a concurrent remedy
in equity. Bynum Merc. Co. v. Bank, 187
Ala. 281, 65 South. 815; Pearce v. Brilliant
Coal Co., 200 Ala. 630, 77 South. 4, 7; Henderson v. Steiner-Lobman, etc., Co., 202 Ala.
325, 80 South. 407.

We hold that the trial court erred in sustaining the demurrer, and its decree will be
reversed, and a decree here rendered overruling the demurrer to the bill.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and
THOMAS, JJ., concur.