(87 South. 529)

**HOOD v. MARTIN. (7 Div. 119.)**

(Supreme Court of Alabama. Feb. 10, 1921.)

**1. Landlord and tenant ⬥⟐323, 328(1)—Parties to agricultural contract held "tenants in common" with right to lien on each other's shares, "hirer and laborer."**

Where one of the parties to a farming contract was not only to furnish the land but to assist in the preparation of the same and the planting of crops, and the other was to furnish the labor, teams, and tools to cultivate and gather the crops, they were neither "landlord and tenant," under Code 1907, § 4742, as amended by Gen. Acts 1915, p. 134, nor "hirer and laborer," under section 4743, as amended by Gen. Acts 1915, p. 112, but were "tenants in common" and governed by section 4792, giv-

ing each of them a lien on the respective share of the other for advances or contributions.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Landlord and Tenant; First and Second Series, Tenant in Common.]

**2. Agriculture ⬥15—Statute for enforcement of agricultural lien held not exclusive and lien may be enforced in equity.**

Code 1907, § 4793, providing for a lien for advances or contributions of labor in gathering crops by attachment on the grounds and in the manner provided for the enforcement of a landlord's lien, is not exclusive, but expressly authorizes the enforcement of the lien by any other remedy, and such lien is enforceable in equity notwithstanding the remedy at law.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill by J. H. Martin against R. L. Hood to enforce a lien upon certain crops and for an accounting, etc. From a decree overruling demurrers to the bill, raising the point of a want of equity in the bill and adequacy of legal remedies, respondent appeals. Affirmed.

P. E. Culli, of Gadsden, for appellant.

Under the averments of the bill, the relation of landlord and tenant is clearly set forth. Section 4742, Code 1907. The parties are neither tenants in common nor joint owners of the crop. Section 4739, Code 1907. The bill cannot be maintained under section 5234, Code 1907. 84 Ala. 80, 4 South. 19. Complainant had an adequate remedy at law. 141 Ala. 667, 37 South. 922.

E. O. McCord & Son, of Gadsden, for appellee.

The statutory method of enforcing liens is not exclusive. Section 4829, Code 1907. A landlord may enforce his lien in equity. 112 Ala. 278, 20 South. 381; 60 Ala. 448; 168 Ala. 469, 53 South. 228; 131 Ala. 185, 32 South. 598. The lien in this case being the same, the tenant may also enforce it in equity. Authority supra.

ANDERSON, C. J. [1, 2] The contract between the parties, as per the averments of the bill, does not make them landlord and tenant, under section 4742 of the Code of 1907, as amended by the act of 1915 (page 134), nor hirer and laborer, under section 4743 of the Code of 1907, as amended by the act of 1915 (page 112). Under the terms of said contract Hood was not only to furnish the land but was to assist in the preparation of the same and the planting of the crops, while the appellee, Martin, was to furnish the labor, team, and tools to cultivate and gather the crop. They were therefore tenants in common and governed by section 4792 of the Code of 1907, which gives each of them a lien upon the respective share of the other for the advances or contribution of labor to aid in the cultivation or gathering of the crop. Section 4793 provides for the enforcement of such lien by attachment upon the grounds and in the manner provided for the enforcement of the landlord's lien. This section, however, is not exclusive, but expressly authorizes the enforcement of the lien by any other remedy. The lien is enforceable in a court of equity notwithstanding the remedy at law. Westmorland v. Foster, 60 Ala. 448; Wells v. Cody, 112 Ala. 278, 20 South. 381; Waldron v. Simmons, 28 Ala. 629.

True, section 5234 of the Code of 1907 provides for the partition of crops, gathered or ungathered, in the probate court, and section 5239 provides for a division in kind or a sale and division of the proceeds and for the adjustment of any liens upon same; but this remedy is not exclusive, as section 4829 of the Code provides for the enforcement of lien in equity, although the statute may authorize other modes of doing so.

The bill in this case, in its final analysis, sets up a joint ownership in the crop, existing liens upon same by the appellee and the appellant, the seizure and withholding of said crop by the appellant, and seeks a sale of same, an accounting between the parties, and the enforcement of their respective liens pro tanto.

The trial court did not err in overruling the respondent's demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.