(112 So. 347)

**RUSSELL v. THORNTON et al. (7 Div. 674.)**

Supreme Court of Alabama. April 7, 1927.

1. **Landlord and tenant** ⬅258—**Landlord's lien may be enforced by bill in equity (Code 1923, § 8935).**

Under Code 1923, § 8935, providing that any lien may be enforced by statutory method or in equity, or by attachment or other legal remedy, landlord may enforce his lien by bill in equity, and may have same declared superior to title of mortgagee acquired with notice of landlord's lien.

2. **Statutes** ⬅225¾—**"Readoption of statute without change" includes construction placed thereon by courts (Code 1923, § 8935).**

Code 1907, § 4829, readopted, without change as Code 1923, § 8935, includes construction placed thereon by courts which becomes part thereof.

3. **Landlord and tenant** ⬅262(2)—**Persons claiming incumbrances on property involved in enforcement of landlord's lien thereon held properly made parties defendant.**

In equity suit to enforce landlord's lien for rent it was proper to make all persons claiming

incumbrances on property parties defendant and have superiority of claims determined.

**4. Injunction ⚫136(2)—Temporary injunction to prevent change in status of parties claiming interest in property in suit to enforce landlord's lien held proper.**

In suit to enforce landlord's lien for rent, temporary injunction was properly issued to prevent change in status of parties claiming interest in property.

**5. Equity ⚫39(1)—Equity court, acquiring jurisdiction over property in suit to enforce landlord's lien, will adjust equities of parties claiming interest in property.**

Where equity court acquires jurisdiction of subject-matter in landlord's suit to enforce lien for rent, court will employ powers to adjust equities of parties claiming interest in property.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Bill in equity by Benjamin Russell against H. H. Thornton and others. From the decree, complainant appeals. Reversed and remanded.

The following is section 8935 of the Code of 1923:

"The statutory modes provided in this Code for the enforcement of liens are not the exclusive modes of enforcing such liens; but are cumulative merely. Any lien may be enforced in the manner provided by statute, if so provided, or in equity, or by attachment for enforcing liens, or by any similar mode or remedy existing at common law."

S. J. Darby, of Alexander City, and Jas. W. Strother, of Dadeville, for appellant.

The remedy by attachment for enforcing a landlord's lien is cumulative, and, whether adequate or inadequate, does not affect the jurisdiction of equity in enforcing liens. Code 1923, § 8935; Leader v. Romano, 208 Ala. 635, 95 So. 7; Mathers v. Barrow, 202 Ala. 342, 80 So. 424; Greil Bros. v. Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738; Carmen v. Ala. Nat. Bank, 101 Ala. 192, 13 So. 581; Tierce v. Knox, 207 Ala. 121, 92 So. 263; Bynum Mer. Co. v. Bank, 187 Ala. 281, 65 So. 815; Henderson v. Steiner-Lobman, 202 Ala. 325, 80 So. 407; Wilkins v. Folsom, 208 Ala. 24, 93 So. 547. The injunction should have been retained until the rights of the parties had been disposed of. Town of Clio v. Lee, 199 Ala. 145, 74 So. 243; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; Woodstock v. Quinn, 201 Ala. 681, 79 So. 253; Cooper v. Cooper, 201 Ala. 475, 78 So. 381.

Knox, Dixon, Sims & Bingham, of Talladega, for appellees.

In the absence of complexity of accounts or necessity for a discovery, equity jurisdiction will not be exercised when the landlord's remedy at law is adequate and complete. Section 8935 does not apply where the remedy at law is adequate. Coffey v. Hunt, 75 Ala. 236; 36 C. J. 529; Wise v. State, 208 Ala. 61, 93 So. 886. Foreclosure of a chattel mortgage will not be enjoined, where there is an adequate remedy at law for any injury occasioned by wrongful foreclosure. 11 C. J. 701; Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280.

GARDNER, J. The bill in this cause was filed by the appellant seeking the enforcement of his lien as landlord on certain property located in his building, rented by him to E. W. and Laura McDonald, who were the owners of the property in said building, and upon which enforcement of the lien is sought. The bill shows that, while the lien was in existence and a considerable amount of the rent past due, said tenants executed a mortgage on said property, the mortgagee having notice of said landlord's lien, and that the mortgagee is proceeding to foreclose said mortgage, which is subordinate to complainant's lien for rent, and that such sale will tend to the destruction of the landlord's lien. The mortgagee is made a party to the suit together with the tenants. The bill seeks to have complainant's lien as landlord enforced and held superior to the mortgagee's title, and temporary injunction is prayed against the foreclosure of the mortgage pending the determination of the cause.

Temporary injunction was issued; the defendants' motion to dissolve the temporary injunction for a want of equity in the bill was sustained; and complainant prosecutes the appeal from such decree.

[1] The argument in support of the ruling of the trial court is rested upon the insistence that, so far as appears from the bill, complainant's remedy by attachment in a court of law is adequate, and that a court of equity was therefore without jurisdiction. The case of Westmoreland v. Foster, 60 Ala. 448, has been construed as supportive of the equity jurisdiction for the enforcement of the landlord's lien, without regard to the attachment remedy at law. Greil Bros. Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738; Carmen v. Ala. Nat. Bank, 101 Ala. 191, 13 So. 581; Leader v. Romano, 208 Ala. 635, 95 So. 7.

In Coffey v. Hunt, 75 Ala. 236, the language of the court, here pertinent, in the Westmoreland Case, supra, was declared unsound dictum. Any attempted reconciliation of the authorities would, however, prove of no avail at this time, as very clearly such a lien is enforceable in equity under the plain provisions of section 8935, Code of 1923. Hood v. Martin, 205 Ala. 333, 87 So. 529; Mathis v. Holman, 204 Ala. 373, 85 So. 710; Wise v. State, 208 Ala. 58, 93 So. 886. The

above-mentioned section appears in the report of the case.

[2] In Mathis v. Holman, supra, section 4829, Code of 1907 (section 8935, supra), was construed and held applicable to the enforcement in equity of a mechanic's lien, and the view that such section was intended merely as declaratory of pre-existing law and practice, and not as creating in courts of equity a new jurisdiction, was rejected as unsound, for, as said by the court, "Its language is clear, simple, and direct, and its purpose unmistakable." The opinion concluded, "Moreover, this court has several times construed it, without question apparently, as giving to lien claimants a concurrent remedy in equity." The section there construed is readopted as section 8935, Code of 1923, without change, and with such construction placed thereon, and becomes a part thereof.

In the recent case of Walls v. Skelton, 110 So. 813,[1] the jurisdiction of the equity court seems to have been considered as established and no longer to be questioned.

[3-5] In view therefore of the express statutory provision as so construed, very clearly, complainant's bill had equity for the enforcement of the landlord's lien for rent, and it was proper that those claiming other incumbrance upon the property be brought in and their rights litigated and the superiority of the claims of the parties be determined. The temporary injunction was merely incidental and properly issued that there may be no change in the status of the parties pending the suit. Cooper v. Cooper, 201 Ala. 475, 78 So. 381. The equity court, having acquired jurisdiction of the subject-matter, will employ its powers to adjust the equities of the parties growing out of this relationship to the property. Hicks v. Meadows, 193 Ala. 246, 69 So. 432.

It results, therefore, that the decree dissolving the injunction for a want of equity in the bill was erroneous. It will be here reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

