The only issue on this appeal is whether to apply the medical malpractice statute of limitations or the wrongful death statute of limitations. The viability of this action for wrongful death allegedly arising out of an act of medical malpractice depends on the resolution of this question, which is one of first impression in the State of Alabama
The Alabama Medical Liability Act (Code 1975, § 6-5-480, etseq.), provides that all actions against physicians for malpractice must be brought within two years of the act giving rise to the claim, or within six months of date of discovery, and in no event more than four years from the date of the act The wrongful death statute (Code 1975, § 6-5-410), provides that the action must be brought within two years from and after the date of death.
Appellant David McMickens is the representative of the estate of his deceased wife, LaVonne McMickens, and is suing Dr. Edwin G. Waldrop and Dr. William H. Brakefield of Birmingham. The following time-table is helpful:
 February 10, 1975 — May 24, 1975 LaVonne McMickens under the care of Drs. Waldrop and Brakefield
 March 24, 1977 Civil suit filed by LaVonne McMickens against Drs Waldrop and Brakefield for medical malpractice
October 30, 1977 LaVonne McMickens died
 August 24, 1978 Civil suit dismissed on joint motion of all parties.[1]
 October 29, 1979 (a) David McMickens appointed administrator of LaVonne's estate
 (b) David McMickens filed a wrongful death action against the defendants Waldrop and Brakefield
 January 26, 1981 Summary judgment granted for defendants
 March 6, 1981 David McMickens filed notice of appeal
Appellant argues that the Wrongful Death Act statute of limitations should apply to this lawsuit even though the act giving rise to the cause of action arose out of an alleged act of medical malpractice. Appellees, on the other hand, contend that the Alabama Medical Liability Act (Acts 1975, No. 513, Code 1975, § 6-5-480, et seq.), "provides a carefully designed statute of limitations which by its terms applies to `all actions' for medical malpractice." We agree with the appellant *Page 869 
The precise wording of the Alabama Medical Liability Act is as follows:
 All actions against physicians, surgeons, . . . for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; . . [or] the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, . . . [but] in no event may the action be commenced more than four years after such act; . . . [Emphasis added.]
Appellees contend that the use of the words "all actions" in the Alabama Medical Liability Act clearly shows a legislative intent to include wrongful death actions. In this case, if the Alabama Medical Liability Act applies, the action was barred because the last treatment administered to Mrs. McMickens by the defendants was four years and five months before the wrongful death action was filed
There is no clear weight of authority in other jurisdictions on the question whether a medical malpractice statute of limitations or the wrongful death statute of limitations should apply when the genesis of the wrongful death action was medical malpractice. Some jurisdictions, construing provisions of their own state laws on the subject, hold that if death results from the wrongful act, the statute of limitations for wrongful death actions applies. See Baxter v. Zeller, 42 Or. App. 873,601 P.2d 902 (1979); Hachmann v. Mayo Clinic, 150 F. Supp. 468 (D.Minn 1957); Klema v. St. Elizabeth's Hospital of Youngstown,170 Ohio St. 519, 166 N.E.2d 765 (1960); Baysinger v. Hanser,355 Mo. 1042, 199 S.W.2d 644 (1947) (court applied shorter wrongfuldeath statute, even though suit was timely if the medicalmalpractice statute had been applied).
Other jurisdictions have come to an exactly opposite conclusion and have applied the medical malpractice statute of limitations to a wrongful death action which arose out of an alleged claim of malpractice. See Pasquale v. Chandler,350 Mass. 450, 215 N.E. 319 (1966); Camp v. Martin, 150 Ga. App. 51,256 S.E.2d 657 (1979); Glass v. Camara, 369 So.2d 625
(Fla.Dist.Ct.App. 1979); Eland v. Aylward, 373 So.2d 92
(Fla.Dist.Ct.App. 1979)
As previously indicated, this is a case of first impression in Alabama and, as indicated, other jurisdictions reach different results; therefore, we must decide this case by construing the intent of the Alabama Legislature in passing the Alabama Medical Liability Act, and the effect of that Act, if any, upon the right of a personal representative to bring an action for wrongful death within two years of the death of his "testator or intestate." Code 1975, § 6-5-410
The law of Alabama for many years has been that the two-year period provided for in the Wrongful Death Statute is a part of the substantive cause of action and is not to be treated as a statute of limitations. After two years, the remedy expiresDowntown Nursing Home v. Pool, 375 So.2d 465 (Ala. 1979)
In view of the above, we conclude that the medical malpractice statute of limitations does not apply; therefore, the judgment of dismissal is due to be reversed and the cause remanded. Our decision should not be construed as holding that the legislature could not modify or change the two-year period now a part of the Wrongful Death Statute; we only hold that by passage of the Medical Malpractice Act, the legislature did not affect that two-year period
REVERSED AND REMANDED
TORBERT, C.J., and ALMON, SHORES, BEATTY and ADAMS, JJ., concur
FAULKNER, JONES and EMBRY, JJ., concur specially
[1] By agreeing to the dismissal of the malpractice suit, plaintiff apparently was merely recognizing the procedural requirement of Parker v. Fies Sons, 243 Ala. 348, 10 So.2d 13
(Ala. 1942), which requires that the previously filed personal injury suit cannot be amended to allege wrongful death, but must be dismissed and a new suit brought.