Clarence Curtis appeals from a summary judgment in favor of the defendant, Quality Floors, Inc., in a wrongful death action. We affirm.
Clara Curtis was injured in a fall in a Food World supermarket in Jasper on November 13, 1989. Within the two years permitted by statute, she and her husband Clarence filed a slip and fall action against Bruno's, Inc., d/b/a Food World. Clara Curtis died on October 21, 1992, while the action against Bruno's was pending. Quality Floors, Inc., had not at that time been named as a defendant in that action, although that entity was known to the plaintiffs; nor had the plaintiffs fictitiously named any defendant in their complaint. On November 17, 1993, Clarence Curtis amended the complaint, to add Quality Floors as a defendant and to assert a wrongful death claim, seeking damages for Clara's death.
Quality Floors moved for a summary judgment, contending that an action based on wrongful death is barred by the statute of limitations if, at the time of the death, an action based on personal injuries that are alleged to have caused the death is time-barred. Quality Floors contends that the statutory limitations period for Clara to sue it in a personal injury action expired on November 13, 1991; therefore, that any claim she had against it based on personal injury was barred; and, therefore, that the personal representative's wrongful death action against it is also barred.
Alabama's wrongful death statute provides:
 "A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death."
§ 6-5-410(a), Ala. Code 1975.
Clarence Curtis argues that because the decedent had brought an action against one tort-feasor prior to her death, that fact satisfies the requirement in the wrongful death statute that the deceased "could have commenced an action" if the death had not occurred. Curtis argues that not only "could" the decedent have commenced an action, but *Page 964 
that she did commence an action for personal injuries.
Clarence Curtis argues that under Pace v. Armstrong WorldIndustries, Inc., 578 So.2d 281 (Ala. 1991), this Court has ruled that § 6-5-410 must be strictly construed. In Pace this Court stated:
 "Applying a strict construction to the language of the proviso, we will restrict from the operation of § 6-5-410 only those actions that are expressly restricted; and, there can be no doubt that the proviso does not expressly preclude a personal representative from commencing an action in Alabama where the decedent had timely commenced a personal injury action for the same wrongful act or omission that caused the decedent's death."
578 So.2d at 285. Clarence Curtis points out that the statute does not specifically provide, when the plaintiff in the wrongful death action is, for purposes of fitting within the proviso, relying on the fact that the decedent had in fact filed a personal injury action, that that initial personal injury action must have been filed against "all defendants" or "all potential defendants in a wrongful death action." He argues that such words should not be read into our interpretation of the § 6-5-410(a) proviso.
We do not agree. The plain language of the wrongful death statute states that the personal representative may commence a wrongful death action, "provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death."
When Clarence Curtis filed the amendment to state the wrongful death claim, Clara Curtis, had she been living, could not have amended her complaint to state a personal injury claim against Quality Floors, had her death not occurred, because such a claim would have been time-barred by the two-year statute of limitations. § 6-2-38(l), Ala. Code 1975. Our cases hold that if a decedent's cause of action is time-barred at his or her death, then the decedent's personal representative cannot bring a wrongful death action. Northington v.Carey-Canada, Inc., 432 So.2d 1231 (Ala. 1983), affirming a summary judgment on the authority of Ellis v. Black DiamondCoal Mining Co., 268 Ala. 576, 109 So.2d 699 (1959); Garrett v.Raytheon Co., 368 So.2d 516 (Ala. 1979); and Tyson v.Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981). Any claim brought against Quality Floors, by amendment or otherwise, would have to have been filed on or before November 13, 1991. Although the Curtises filed a timely complaint against Bruno's, Inc., they did not in that complaint name Quality Floors as a defendant. Nor did they state a cause of action against a fictitiously named defendant; thus, after the running of the limitations period, an amendment naming Quality Floors could not relate back to the date of the filing of the original complaint pursuant to Rules 9(h) and 15(c), A.R.Civ.P.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and COOK, JJ., concur.