782 So.2d 218 (2000)
Marian H. HALL, as personal representative of the estate of James Edward Hall, deceased
v.
Dr. Teipie-Ching CHI et al.
1990253.
Supreme Court of Alabama.
September 8, 2000.
Rehearing Denied October 27, 2000.
Robert H. Ford of The Ford Law Firm, Birmingham, for appellant.
Walter W. Bates and L. Jackson Young, Jr., of Starnes & Atchison, L.L.P., Birmingham, for appellees.
PER CURIAM.
Marian Hall, as personal representative of the estate of her husband James Edward *219 Hall, appeals from a judgment on the pleadings entered in favor of the defendants in a wrongful-death action. We reverse and remand.
On October 17, 1996, James Hall was anesthetized and underwent hip-replacement surgery. This surgery resulted in his being paralyzed from the waist down. He died several months later, on July 12, 1997. At that time, the statutory limitations period of two years for medical malpractice, § 6-5-482, Ala.Code 1975, had not run.
On July 12, 1999, within two years of James Hall's death, Marian Hall, in her capacity as personal representative of her husband's estate, sued St. Vincent's Hospital, Dr. Teipie Ching Chi, Dr. Sandra Sipe, Birmingham Anesthesiology Associates, and fictitiously named defendants. She alleged that actions or omissions by these defendants on October 17, 1996, had wrongfully caused her husband's death. Her complaint alleged that the defendants had
"a.) failed to properly perform an epidural anesthesia, but instead performed an epidural in such a negligent manner that the procedure caused the [p]laintiff's intestate to be paralyzed and to lose all feelings in his lower extremities,
"b.) failed to perform adequate, timely and careful post-operative care so as to provide an antidote or to reverse or contain or lessen any progressing damage caused by the unskill[ful] epidural procedure, [and]
"c.) failed to possess or failed to utilize that degree of medical and surgical knowledge, skill and competence required by law of all physicians and hospitals caring for patients."
She alleged that these acts and omissions constituted negligence and fell below the standard of care required of physicians and hospitals in Jefferson County.
The defendants moved for a judgment on the pleadings. The trial court granted that motion, stating that in Curtis v. Quality Floors, Inc., 653 So.2d 963 (Ala.1995), this Court had held that a decedent's representative could not amend a complaint in a personal-injury action more than two years after the date of the wrongful act so as to add a new party and to add a claim alleging wrongful death. The trial court applied Curtis to the facts of this case, stating that any claims against the defendants should have been filed on or before October 17, 1998, i.e., within two years after the defendants administered anesthesia to and performed surgery on James Hall. The court entered a judgment on the pleadings. Marian Hall appealed.
In Curtis, Clara Curtis was injured when she slipped and fell in a Food World supermarket on November 13, 1989. Within the two years allowed by the statute of limitations, she and her husband Clarence filed a slip-and-fall action against Bruno's, Inc., doing business as Food World. Clara Curtis died on October 21, 1992, while the action against Bruno's was pending. At that time, Quality Floors, Inc., had not been named as a defendant, and the Curtises had not sued any fictitiously named defendants. On November 17, 1993, Clarence Curtis amended the complaint to add Quality Floors as a defendant and to add a wrongful-death claim, seeking damages for Clara's death. Quality Floors moved for a summary judgment, arguing that "an action based on wrongful death is barred by the statute of limitations if, at the time of the death, an action based on personal injuries that are alleged to have caused the death is time-barred." 653 So.2d at 963. Quality Floors argued that the statutory limitations period for the personal-injury claim had expired on *220 November 13, 1991, and, therefore, that the personal representative's wrongful-death claim against Quality Floors was also barred.
The trial court entered a summary judgment in favor of Quality Floors, and this Court affirmed that judgment. This Court stated, "The plain language of the wrongful death statute states that the personal representative may commence a wrongful death action, `provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.'" 653 So.2d at 964. See § 6-5-410, Ala.Code 1975. Speaking to the effect of this proviso, Justice Shores stated:
"Our cases hold that if a decedent's cause of action is time-barred at his or her death, then the decedent's personal representative cannot bring a wrongful death action. Northington v. Carey-Canada, Inc., 432 So.2d 1231 (Ala.1983), affirming a summary judgment on the authority of Ellis v. Black Diamond Coal Mining Co., 268 Ala. 576, 109 So.2d 699 (1959); Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979); and Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala.1981)."
Curtis, 653 So.2d at 964 (emphasis added).
Marian Hall relies on McMickens v. Waldrop, 406 So.2d 867 (Ala.1981). In McMickens, two physicians treated LaVonne McMickens from February 10, 1975, to May 24, 1975. On March 24, 1977, LaVonne McMickens sued the two physicians, alleging medical malpractice. On October 30, 1977, LaVonne McMickens died. On August 24, 1978, on the consent of David McMickens, as administrator of LaVonne McMickens's estate, the malpractice action was dismissed. See 406 So.2d at 868 and n. 1. On October 29, 1979, after the civil action had been dismissed, David McMickens, as administrator, filed a wrongful-death action against the two physicians. The defendants moved for a summary judgment, and the trial court granted their motion. David McMickens appealed. This Court held that, because LaVonne McMickens had filed a personal-injury action before her death, her administrator could file a wrongful-death action within two years of her death, even though the period allowed by the medical-malpractice statute of limitations, which had run from the date of her treatment, had expired; therefore, the wrongful-death action was held timely because it was filed within two years of the death.
The defendants would distinguish McMickens from this present case by pointing out that when McMickens was decided, caselaw condemning amendments regarding subsequent events required that a personal-injury action be dismissed if the plaintiff died while her case was pending, and thus the administrator's recourse was to file a new action. The rule in McMickens thus permitted the personal representative to file a new action alleging wrongful death, an action to be governed by the wrongful-death statute of limitations, with the time for filing computed from the date of death. The defendants point out that since McMickens was decided, this Court's caselaw has eliminated the requirement of dismissal and refiling. See King v. National Spa & Pool Inst., 607 So.2d 1241 (Ala.1992). Be that as it may, McMickens does not preclude Marian Hall's action alleging wrongful death.
McMickens stands for the proposition that it is the two-year limitations period for wrongful-death actions, see § 6-5-410, Ala.Code 1975, and not the medical-malpractice limitations period, that applies to wrongful-death cases alleging medical malpractice. Under McMickens, the medicalmalpractice limitations period determines *221 whether a decedent's medical-malpractice cause of action survived his death. If the decedent had a viable medical-malpractice claim when he died, then the decedent's personal representative could, within two years after the decedent's death, bring a wrongful-death action alleging medical malpractice.[1]
The critical distinction between the present case and Curtis v. Quality Floors, Inc., thus becomes clear. At the time of the death of the decedent in Curtis, the statutory limitations period had run against Quality Floors. As previously noted, this Court stated the rule in Curtis as follows: "Our cases hold that if a decedent's cause of action is time-barred at his or her death, then the decedent's personal representative cannot bring a wrongful death action." Curtis, 653 So.2d at 964 (emphasis added). In the present case, James Hall died at a time well within the statutory period in which he could have filed an action alleging medical malpractice. Under the teaching of Curtis and McMickens, Marian Hall, in her capacity as personal representative of James Hall's estate, had two years from the date of his death in which to commence her wrongful-death action.
Justice Houston, in his dissent, would affirm the circuit court's judgment, based on his reading of the term "all actions," as it is used in the limitations provision of the Alabama Medical Liability Act ("AMLA"), § 6-5-482(a), Ala.Code 1975, as including statutory wrongful-death actions as well as other actions known at common law.[2] Section 6-5-482(a) reads:
"All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards...."
This Court considered this precise point in McMickens. Construing the legislative intent of the AMLA, this Court expressly rejected the proposition that the limitations period of the AMLA applied to wrongful-death actions based on medical malpractice. McMickens held that the passage of the AMLA did not affect the two-year limitations period of the wrongful-death statute, the court concluding that in adopting the AMLA the Legislature had not intended to affect "the right of a personal representative to bring an action for wrongful death within two years of the death of his `testator or intestate.'" 406 So.2d at 869.
This Court emphasized in McMickens that if the Legislature wanted to alter the two-year limitations period of the wrongful-death statute, it could do so by subsequent legislation. 406 So.2d at 869. Presumably, the Legislature adopts a particular judicial construction if, when it reenacts *222 or amends a statute, it keeps unchanged in the reenacted or amended statute the language that has been judicially interpreted. See Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377 (1926); Russell v. Thornton, 216 Ala. 60, 112 So. 347 (1927); Usher v. Department of Indus. Relations, 261 Ala. 509, 75 So.2d 165 (1954).
In 1987, the Legislature revisited the AMLA. See § 6-5-540 et seq., Ala.Code 1975. While not strictly "reenacting" that statute, the Legislature expressed an intent to supplement the 1975 legislation with the provisions of the 1987 Act and called for a construction of the new Act that would be consistent with the 1975 Act. See § 6-5-547, Ala.Code 1975. The 1987 Act did not alter the AMLA in such a way as to overrule the construction this Court in McMickens had given the term "all actions," as that term is used in § 6-5-482(a) a construction that excludes the application of the AMLA's statutory limitations period to wrongful-death actions.
To hold that the two-year provision of the AMLA applies to wrongful-death cases, we would have to say that, in regard to the proviso of the wrongful-death act governing timeliness of actions, § 6-5-410 was impliedly repealed by § 6-5-482. This Court observed in City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159, 162 (1909):
"Repeal by implication is not favored. It is [found] only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former."
The statutes were reconciled and given separate fields of operation in McMickens. If a decedent has a viable medical-malpractice claim at the time of his death, his personal representative has two years from the date of the death to file a wrongful-death claim based on the alleged malpractice.
Because Marion Hall, in her capacity as personal representative of her husband's estate, commenced her wrongful-death action within two years from the date of her husband's death, the trial court erred in entering a judgment on the pleadings. The judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MADDOX, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and HOUSTON, J., dissent.
HOUSTON, Justice (dissenting).
Ala.Code 1975, § 6-5-482, provides in pertinent part:
"(a) All actions against physicians, surgeons ... [or] medical institutions... for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery...."
(Emphasis added.)
In the case at issue, the wrongful act, omission, or failure occurred on October 17, 1996; therefore, James Edward Hall had the right to bring an action against his physicians, surgeons, or medical institutions at any time from October 17, 1996, up through October 17, 1998, if he had lived to that date. However, Hall died on July 12, 1997. His death created a new cause of actionwrongful death. The limitations *223 period of § 6-5-482 still runs from October 17, 1996, the date of the act, or omission, or failure, even though Hall died during the two-year period measured from that date. The action was not filed on or before October 17, 1998; therefore, it is barred by § 6-5-482.[3] To hold otherwise would be to judicially rewrite the statute, which the separation-of-powers provisions of the Constitution of Alabama of 1901 prohibit us from doing; therefore, I dissent.
HOOPER, C.J., concurs.
NOTES
[1] See Justice Jones's special concurrence in McMickens, which illustrates:

"Suppose the parents of a minor who died at age two allegedly [as the result of] medical malpractice, brought suit just prior to the child's eighth birthday. Clearly, the statute of limitations defense would prevail because the tolling provision of the Medical Liability Act (`until his eighth birthday') could not be invoked to lengthen the Wrongful Death Act's two-year period of limitations. On the other hand, if the child died just prior to his eighth birthday, allegedly the result of a medical malpractice injury at the age of two, the Wrongful Death action could be commenced within two years from the date of the child's death. The discovery provisions of the Medical Liability Act are subject to like application."
406 So.2d at 870 (emphasis added).
[2] The defendants did not advance this argument as a basis for affirming the judgment of the trial court.
[3] Because when Hall died there remained 15 months of the two years allowed by the statute, no question of the application of the six-month proviso would arise.