Dr. Ernest I. Okeke appeals, pursuant to Rule 5, Ala.R.App.P., from an order denying his motion to dismiss a complaint filed by Donald Craig, as administrator of the estate of Ola Mae Craig. We answer the question Dr. Okeke presented to us, and we remand the cause for further proceedings.
Craig is the son of Ola Mae Craig ("the decedent"). He filed a wrongful-death action on July 21, 1999, against Dr. Okeke, alleging that Dr. Okeke had failed to diagnose his mother's cardiovascular disease. The decedent was under the medical treatment and care of Dr. Okeke from 1985 to 1995, with her last office visit occurring on July 17, 1995. Dr. Okeke prescribed medications for her through November 1995. She was diagnosed with end-stage cardiovascular disease at a time Craig described *Page 282 
as the "spring" of 1997, and she died on July 22, 1997.
In his complaint, Craig alleges that medications prescribed by Dr. Okeke either caused cardiac injury or masked cardiac symptoms. Craig also alleges that these medications, along with a failure to "timely diagnose, refer to specialists, or treat" the decedent, caused her "untimely" death on July 22, 1997. In response, Dr. Okeke, on July 29, 1999, moved to dismiss Craig's complaint; the trial court denied his motion. On September 28, 1999, Dr. Okeke filed a renewed motion to dismiss the complaint. He argued that at the date of her death, any medical-malpractice claim by the decedent, based on Dr. Okeke's alleged negligence, would have been time-barred and, therefore, that any later claim alleging that a wrongful death had occurred because of that negligence is also barred. The trial court denied Dr. Okeke's motion, but concluded that it involved a controlling question of law as to which there is substantial ground for difference of opinion; that an interlocutory appeal would materially advance the ultimate termination of the litigation; and that the appeal would avoid protracted and expensive litigation. See Rule 5, Ala.R.App.P. This Court granted Dr. Okeke permission to appeal, pursuant to Rule 5. Dr. Okeke presented the following question for our review:
 "Whether an action for wrongful death is barred by the statute of limitations when the decedent was time-barred from filing the underlying medical malpractice suit on the date of her death."
We rephrase the question, as follows:
 "Whether a wrongful-death action against a physician is barred by the statute of limitations if, at the time of her death, the decedent would have been time-barred from filing a medical-malpractice action based on the physician's treatment that is now alleged to have caused the decedent's death."
Dr. Okeke's question is premised on the proposition that the decedent, at the time of her death, would have been time-barred from filing a medical-malpractice action against Dr. Okeke alleging the same malpractice Craig now alleges. Craig did not respond to Dr. Okeke's petition to appeal or to its statement of the question presented.
We permitted the appeal in order to respond to the question. However, in his brief, filed after we had granted the petition for permission to appeal, Dr. Okeke argues additional issues. After presenting argument as to the question stated in his petition, Dr. Okeke argues the separate question whether the decedent's claims, in fact, would have been time-barred as of the date of her death. We granted the petition only as to the question stated in Dr. Okeke's petition. We therefore decline to respond to Dr. Okeke's attempt to convert the premise of the first question into a second issue. We answer only the question stated in the petition to appeal, and, in so doing, we assume, without deciding, that a malpractice claim the decedent might have filed against Dr. Okeke on the day she died would have been time-barred.
Dr. Okeke contends, assuming that the decedent would have been barred from pursuing a medical-malpractice cause of action, that Craig, as administrator of her estate, is barred from pursuing a wrongful-death claim. This Court recently addressed this issue in Hall v. Teipie-ChingChi, 782 So.2d 218 (Ala. 2000). In Hall, the decedent had undergone hip-replacement surgery, and the surgery had caused paralysis. Several months later, he died. The statutory limitations period for filing a medical-malpractice claim, based on the alleged malpractice that had caused the *Page 283 
paralysis, had not yet run on the decedent's claim at the time of his death. See § 6-5-482, Ala. Code 1975.[1] His wife, as personal representative of his estate, filed a wrongful-death action against the doctors who had performed the surgery, as well as other defendants. That action was not filed within two years of the alleged negligence, butwas filed within two years of the death. The wife claimed that the defendants' acts and omissions constituted negligence, and that that negligence had caused her husband's death. The defendants argued that the malpractice claim alleged in the wrongful-death action should have been presented in an action filed within two years after the alleged malpractice had occurred. However, the wife filed her wrongful-death action within two years from the date of the decedent's death.[2] InHall, we held that "if a decedent has a viable medical-malpractice claim at the time of his death, his personal representative has two years from the date of the death to file a wrongful-death claim based on the alleged malpractice. "[3] 782 So.2d at 222. Stated in the negative, if no viable medical-malpractice claim exists at the time of a person's death, then her personal representative cannot proceed with a wrongful-death action.
We answer the question posed on interlocutory appeal in the affirmative: A wrongful-death action is barred by the statute of limitations if the decedent, on the date of her death, would have been time-barred from filing a medical-malpractice claim based on the medical malpractice that is alleged to have caused the death. However, because we have not considered the question whether the decedent's medical-malpractice claim, in fact, would have been time-barred, we remand the cause for further proceedings consistent with this opinion.
QUESTION POSED BY THE INTERLOCUTORY APPEAL ANSWERED; REMANDED FOR FURTHER PROCEEDINGS. *Page 284 
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
[1] Section 6-5-482(a) states:
 "All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act. . . ."
[2] Section 6-5-410, Ala. Code 1975, the statute providing for a wrongful-death action, states:
 "(a) A personal representative may commence an action and recover such damages as the jury may assess . . . for the wrongful act, omission, or negligence of any person, persons, or corporation . . ., whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.
". . . .
 "(d) Such action must be commenced within two years from and after the death of the testator or intestate."
[3] In McMickens v. Waldrop, 406 So.2d 867, 869 (Ala. 1981), this Court held that the passage of the Alabama Medical Liability Act, which provides for medical-malpractice claims, did not affect the two-year limitations period of the wrongful-death statute, and that in adopting that Act the Legislature had not intended to affect "the right of a personal representative to bring an action for wrongful death within two years of the death of his `testator or intestate.'"