Willie Johnson, individually and as personal representative of the estate of Lydia Darnell, appeals from a summary judgment entered in favor of David H. Jackson, M.D., and Brookwood Medical Center ("Brookwood"), in Johnson's medical-malpractice/wrongful-death action. We affirm.
 I.
This is not the first time this dispute has been before this Court. In Ex parte Jackson, 780 So.2d 681 (Ala. 2000), following the Jefferson Circuit Court's denial of their summary-judgment motion, Dr. Jackson and Brookwood petitioned this Court for a writ of mandamus directing the circuit court to enter a final judgment in their favor based on their contention that Johnson's wrongful-death action premised on their alleged medical malpractice was barred by the statute of limitations for medical-liability actions, § 6-5-482, Ala. Code 1975.[2]
In denying their petition, this Court concluded that Dr. Jackson and *Page 851 
Brookwood were not entitled to the extraordinary relief of mandamus because they had another adequate remedy; they could have sought permission to appeal the circuit court's order denying their summary-judgment motion under Rule 5, Ala. R.App. P. In reaching our conclusion, we expressed no opinion on the merits of Dr. Jackson's and Brookwood's arguments.780 So.2d at 685.
In Jackson, we reviewed the evidence and the pleadings in this case in the light most favorable to Johnson, the plaintiff, and set out the following facts. On this appeal, because we are reviewing a summary judgment in favor of Dr. Jackson and Brookwood, we review the facts in the light most favorable to Johnson, as the nonmovant, and our previous rendition of the facts thus remains applicable.
 "In early 1993, Mrs. Lydia Darnell had a heart attack. She was treated at Walker Regional Medical Center (`Walker Regional') and was released. About a month later, she again sought treatment at Walker Regional. Her doctor admitted her to that hospital and then transferred her to Brookwood, where Dr. Jackson treated her. Dr. Jackson performed two angioplasty procedures on Mrs. Darnell; however, Mrs. Darnell died two days later [on April 17, 1993].
 "Mrs. Darnell's brother, Willie Johnson, asked Dr. Jackson why Mrs. Darnell had died. Dr. Jackson told him that her heart was too weak to pull her through and that the two angioplasty procedures he performed did not cause or contribute to her death. Johnson believed Dr. Jackson and suspected that Mrs. Darnell's treatment at Walker Regional had led to her death. On April 11, 1995, within the time allowed by Ala. Code 1975, § 6-5-482, for filing a medical-liability action, Johnson filed this action in the Walker Circuit Court against Walker Regional and various fictitiously named defendants described as the `person, persons, entity, or entities working at Walker Regional Medical Center . . . who were responsible for providing care for Mrs. Lydia Darnell.'
 "In August 1994, Johnson sought and received Mrs. Darnell's medical records from Brookwood. Johnson's attorney had several physicians review the records. Until April 1996, all of those physicians concluded that Mrs. Darnell's treatment [by Dr. Jackson and others at Brookwood] did not cause her death. However, in April 1996, another physician reviewed Mrs. Darnell's records and concluded that Mrs. Darnell died as a result of one of the angioplasty procedures Dr. Jackson had performed at Brookwood.
 "On May 15, 1996, Johnson amended his complaint to name Dr. Jackson and Brookwood as defendants. The amendment stated that Johnson was substituting Dr. Jackson and Brookwood for certain *Page 852 
of the fictitious defendants named in his original complaint.
 "In August 1996, in the Walker Circuit Court, Dr. Jackson and Brookwood moved for a summary judgment. In October, the Walker Circuit Court severed Johnson's claims against Dr. Jackson and Brookwood from his claims against Walker Regional and transferred his claims against Dr. Jackson and Brookwood to the Jefferson Circuit Court. In March 1997, Dr. Jackson and Brookwood renewed their motion for a summary judgment. They argued, among other things, that Johnson's amended complaint had improperly attempted to substitute Dr. Jackson and Brookwood for the fictitious defendants identified in the original complaint, and that Johnson's claims against them did not relate back to the filing of the original complaint and were barred by the statute of limitations set forth in the Alabama Medical Liability Act. See Ala. Code 1975, § 6-5-482.
 "Johnson opposed their motion. He conceded that the amendment did not relate back to the filing of the original complaint. He argued, however, that his claims against Dr. Jackson and Brookwood were not barred by the statute of limitations because, he said, they were brought within six months after the date he discovered or could reasonably have discovered that he had a cause of action against those defendants. See id. Specifically, he argued that Dr. Jackson had misrepresented and suppressed facts that would indicate that Dr. Jackson was liable for Mrs. Darnell's death. The circuit court delayed ruling on the motion for a summary judgment, in order to allow Johnson to conduct discovery relevant to the statute-of-limitations issue. After that discovery was completed, Dr. Jackson and Brookwood again renewed their motion for a summary judgment, and Johnson again opposed their motion. The circuit court denied the motion."
780 So.2d at 682-83.
Following our denial of their mandamus petition inJackson, Dr. Jackson and Brookwood filed a motion to dismiss in the circuit court on the ground that Johnson's complaint failed to state with particularity the acts and omissions for which they were allegedly liable as required by § 6-5-551, Ala. Code 1975. In response, Johnson filed a second amended complaint, and eventually a third amended complaint, in which he contended that Dr. Jackson and Brookwood were negligent in treating Mrs. Darnell and that her death was caused by, among other things, their failure to diagnose and treat bleeding from Mrs. Darnell's right femoral artery — the access point for the angioplasty procedures.
Following these amendments to Johnson's complaint, Dr. Jackson and Brookwood once again moved for a summary judgment. Among the multiple grounds asserted, they argued for the first time that Johnson's wrongful-death action was barred because it was not brought within two years of Mrs. Darnell's death as required by § 6-5-410, Ala. Code 1975,[3] and *Page 853 
that § 6-5-482, Ala. Code 1975, the statute of limitations for medical-liability actions on which they had previously relied, did not control.
The circuit court agreed. Because Johnson amended his complaint to add claims against Dr. Jackson and Brookwood more than three years after Mrs. Darnell's death and because he conceded that the amendment did not relate back to his initial timely filed complaint, the court held that his action against Dr. Jackson and Brookwood was time-barred.
On December 6, 2004, Johnson appealed.
 II.
On appeal, Johnson does not contend the circuit court erred in applying the two year limitations period in § 6-5-410, Ala. Code 1975, to his claim against Dr. Jackson and Brookwood for wrongful death as a result of their alleged medical malpractice. Instead, Johnson asserts that his action against Dr. Jackson and Brookwood consists of two separate claims: 1) a wrongful-death claim and 2) a claim for "fraudulent concealment or suppression of a cause of action," Johnson's brief at 15, and he argues that the circuit court erred in concluding that his entire action was time-barred by erroneously applying § 6-5-410, Ala. Code 1975, to his fraudulent-concealment claim.
Assuming for the sake of argument that Alabama recognizes a separate cause of action for fraudulent concealment of a wrongful-death claim, Johnson's argument nevertheless fails. His contention that he presented such a claim to the circuit court is unsupported by the record. In its final form, Johnson's complaint consisted of only one "count," which contained claims against Dr. Jackson and Brookwood alleging wrongful death. Within that "count," Johnson also asserted that Dr. Jackson and Brookwood had suppressed the "the true cause of Lydia Darnell's death." At no point, however, in any of the versions of his complaint, in any brief to the circuit court, or in any oral statement or argument made to the court on the record, did Johnson contend that this alleged suppression created a cause of action separate from his wrongful-death claim arising from alleged medical malpractice.
Based on our review of the record, it appears Johnson's allegation of fraudulent concealment was nothing more than an attempt to impermissibly bootstrap his wrongful-death claim into the six-month discovery period for asserting actions under the Alabama Medical Liability Act. § 6-5-482, Ala. Code 1975. It is well established that the two-year limitations period found in § 6-5-410, Ala. Code 1975, for asserting wrongful-death actions (and not § 6-5-482, Ala. Code 1975, the medical-malpractice limitations period) applies to wrongful-death cases alleging medical malpractice. Hall v.Chi, 782 So.2d 218 (Ala. 2000); and McMickens v.Waldrop, 406 So.2d 867 (Ala. 1981). Because any argument Johnson asserts relating to the allegation that Dr. Jackson and Brookwood fraudulently concealed the fact that he had a wrongful-death cause of action was raised for the first time on appeal, we will not consider it. Byrd v. Lamar,846 So.2d 334, 345 (Ala. 2002).
 III.
Johnson's wrongful-death claim is time-barred under §6-5-410, Ala. Code 1975, and the circuit court did not err in dismissing Johnson's "fraudulent concealment or *Page 854 
suppression of a cause of action" claim, because that claim was not presented to that court. Therefore, the circuit court's judgment is affirmed.
AFFIRMED.
LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
[2] Section 6-5-482, Ala. Code 1975, provides, in pertinent part:
 "(a) All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discover}' or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act. . . .
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, Sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of. . . ."
[3] Section 6-5-410, Ala. Code 1975, provides, in pertinent part:
 "(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.
 . . . .
 "(d) such action must be commenced within two years from and after the death of the testator or intestate."